THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS WILLIAMS, JR., Appellant.— Decision reserved, case held and matter remitted to Onondaga County Court for further proceedings in accordance with the following memorandum: Upon arraignment defendant plead not guilty to the indictment which charged him with third degree burglary and grand larceny. He then moved to suppress certain items taken by the police, without a warrant, from the trunk of a car he was driving, claiming that the search and seizure were illegal. The court summarily denied defendant's motion without a hearing and without making findings. The only reason given for the denial of the motion is the statement in the court's memorandum that "the cases cited and the research of the Court indicate that a search of a car clearly connected with the commission of a crime is legal if such connection clearly supplies probable cause". Upon denial of his motion defendant plead guilty to burglary in the third degree in satisfaction of both counts of the indictment. Upon the date set for sentencing defendant's counsel moved to withdraw the plea of guilty on the ground that defendant had informed him that at the time he had changed his plea, about two months prior to the sentencing date, "he had been an addict of several drugs for a period of over one year and claims his plea was not voluntary because he was genuinely confused at the time because of his health, being on drugs for a long period of time". He further stated that a named police lieutenant, who was using defendant as a decoy in drug investigations, had "promised him he would receive probation if he entered a plea of guilty". The court had knowledge that the defendant had recently been receiving treatment for drug addiction. The motion to withdraw the guilty plea was denied and defendant was sentenced to an indeterminate term with a maximum of seven years. In resolving a motion to withdraw a plea, under the authority of CPL 220.60 (subd. 4) the court must exercise an informed discretion (*People* v. *Klein,* 26 A D 2d 559) and make an informed determination (*People* v. *Lawson,* 42 A D 2d 672; *People* v. *Smith,* 33 A D 2d 688). It was an improper exercise of discretion, under the circumstances in this record, to have summarily denied the motion to withdraw the plea without a hearing (*People* v. *Sanders,* 36 A D 2d 619). Furthermore, considering the procedural mandates of CPL 710.60, the court should not have denied the suppression motion without a hearing. Defendant's motion was supported by an affidavit which met the requisites of CPL 710.60 (subd. 1) and raised sufficient questions to entitle him to a hearing. Upon the matter being remitted to Onondaga County Court a hearing should be held to determine the suppression motion, as well as the withdrawal of plea question. (Appeal from judgment of Onondaga County Court convicting defendant of burglary, third degree.) Present — Moule, J. P., Cardamone, Simons, Goldman and Del Vecchio, JJ.

ALFRED R. TYMINSKI, Petitioner, v. PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Respondent. (Appeal No. 1.) — Determination and order unanimously confirmed and petition dismissed, without costs. Our decision is upon the merits of the petition and not the jurisdictional issue raised in respondent's brief. The proceeding was timely commenced. (Review of order authorizing issuance of certificate of environmental compatibility and public need as to power line.) Present — Marsh, P. J., Moule, Simons, Mahoney and Del Vecchio, JJ.