THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
ROBERTO H. (ANONYMOUS), Appellant.

Second Department, May 14, 1979

### APPEARANCES OF COUNSEL

*Alan Schneier* for appellant.

*Denis Dillon, District Attorney (George Freed* and *William C. Donnino* of counsel), for respondent.

### OPINION OF THE COURT

*Per Curiam.*

The defendant pleaded guilty to criminal sale of a controlled substance in the third degree. His motion which sought, *inter alia,* the suppression of certain evidence, was denied without a hearing. We have considered defendant's assertions of error and we find them to be without merit.

However, we take the opportunity presented by this case to comment upon a matter which we find disturbing, specifically, the practice of defendants' attorneys of moving to suppress evidence without regard to whether there is any factual basis for such a motion, and the apparent expectation of defendants' attorneys that a hearing will be granted on a motion to suppress as a matter of routine.

CPL 710.20 provides, in pertinent part: "Upon motion of a defendant who (a) is aggrieved by unlawful or improper acquisition of evidence and has reasonable cause to believe that such may be offered against him in a criminal action, or (b) claims that improper identification testimony may be offered against him in a criminal action, a court may, under circumstances prescribed in this article, order that such evidence be suppressed or excluded".

CPL 710.60 provides, in pertinent part:

"1. A motion to suppress evidence made before trial must be in writing and upon reasonable notice to the people and with opportunity to be heard. *The motion papers must state the ground or grounds of the motion and must contain sworn*

*allegations of fact, whether of the defendant or of another person or persons, supporting such grounds.* Such allegations may be based upon personal knowledge of the deponent or upon information and belief, provided that in the latter event the sources of such information and the grounds of such belief are stated \* \* \*

"3. The court may summarily deny the motion if:

"(a) The motion papers do not allege a ground constituting legal basis for the motion; or

"(b) The sworn allegations of fact do not as a matter of law support the ground alleged; except that this paragraph does not apply where the motion is based upon the ground specified in subdivision three of section 710.20" (involuntary statement[s] by defendant to law enforcement authorities). (Emphasis supplied.)

It is apparent from this language that the Legislature did not intend the motion to suppress to be a *pro forma* response to every criminal indictment. Too often it appears that such motions are made for no reason other than the belief of defendants' attorneys that they are obligated to make every suppression motion provided by statute (see *People v Colon,* NYLJ, Nov. 18, 1975, p 6, col 5). In addition, the papers in support of such motions frequently consist only of conclusory allegations of unlawful conduct by law enforcement authorities. Neither the interests of the defendants themselves nor the interests of justice and the judicial system are served by such unwarranted and inappropriate motion practice.

The instant case is illustrative. Defense counsel moved, *inter alia,* to suppress statements (CPL 710.20, subd 3), identification evidence (CPL 710.20, subd 5) and physical evidence (CPL 710.20, subd 1). The County Court denied each of these requests without a hearing. Defendant argues on this appeal that such summary denial was error. To the contrary, a review of the record indicates that summary denial was the only appropriate disposition.

With regard to the branch of the motion which sought to suppress statements made by the defendant, the District Attorney's voluntary disclosure form indicates that some six weeks prior to the making of the motion defense counsel was informed that defendant had made no statements to law enforcement authorities concerning the instant indictment. Thus, there was no basis whatever for this branch of the motion. That it was brought notwithstanding this lack of basis

did not obligate the County Court to countenance further delay by directing an unnecessary hearing. That branch of the motion was properly denied on the papers submitted.

With regard to the remaining portions of the motion to suppress, defense counsel submitted a supporting affirmation alleging:

"That your affirmant has been served with a notice, a copy of which is annexed hereto, by the District Attorney's office that testimony will be offered at the trial of this matter identifying the defendant as the perpetrator of the within crimes.

"That your affirmant submits that should it appear that the identification herein was made under circumstances highly suggestive, unfair and prejudicial to the defendant, so as to deny him due process of law in violation of the 'FOURTH', 'FIFTH', 'SIXTH' and 'FOURTEENTH' Amendments to the United States Constitution, that evidence should be suppressed from the trial of this matter and your affirmant requests a hearing to determine that issue. * * *

"That upon information and belief, upon the date of his arrest an illegal and unlawful search was conducted by arresting law enforcement officials.

"That the District Attorney has failed to disclose the exact facts and circumstances surrounding the search and it is your affirmant's belief that contraband which is the subject of the within indictment was obtained therefrom.

"That your affirmant respectfully submits that if it should appear that the search conducted was an unreasonable search and seizure in violation of defendant's 'FOURTH', 'FIFTH' and 'FOURTEENTH' Amendment Rights of the United States Constitution, the contraband obtained therefrom should be suppressed from use upon the trial of this matter and your affirmant requests a hearing to determine that issue."

It is abundantly clear from these excerpts, which comprise the sum and substance of the allegations in support of the motion, that defendant failed to comply with the requirements of CPL 710.60. The affirmation fails to allege any facts whatever, let alone facts in support of the grounds for the motion. The affirmation fails even to allege improper conduct on the part of law enforcement authorities, the very keystone of a suppression motion. Under these circumstances, the County Court was entirely justified in denying the motion summarily.

The criminal defense bar is on notice that the CPL does not require a hearing on a motion to suppress without regard to whether there is any basis for such motion, and without regard to the factual showing made in support of such motion. *Pro forma* applications such as that made in the instant case run a significant risk of summary denial.

MOLLEN, P. J., HOPKINS, RABIN and MARTUSCELLO, JJ., concur.

Judgment of the County Court, Nassau County, rendered January 10, 1978, upon resentence, affirmed.