■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CYNTHIA ALEXANDER, Appellant. — Judgment unanimously affirmed. Memorandum: The court acted properly in summarily denying the motions to suppress identification testimony (*People v Allweiss,* 48 NY2d 40, 49; *People v Roberto H.,* 67 AD2d 549). Ordinarily, there is no constitutional right to an identification hearing outside the presence of the jury (*Watkins v Sowders,* 449 US 341) and by statute a hearing is required only where the papers contain "sworn allegations of fact" supporting the grounds of the motion. The allegations may be based upon personal knowledge, or upon information and belief if the sources of information and grounds of the belief are stated (CPL 710.60, subd 1). The affidavit in support of the motion to suppress the identification testimony of the witness Deresh contained no facts but only conclusory allegations of

suggestive procedures. The affidavit referring to the witness Driscoll contained allegations based upon information and belief, but failed to provide the sources of information and grounds of the belief. None of the other points raised by appellant require reversal. (Appeal from judgment of Onondaga County Court, Davis, J. — burglary, third degree and other charges.) Present — Dillon, P. J., Callahan, Doerr, Denman and Boomer, JJ.