■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH DUGAR, Appellant. — Appeal from judgment, Supreme Court, New York County (Haft, J., on the omnibus motion; Cropper, J., at the hearing, trial, and sentence), rendered March 20, 1981, convicting defendant after a jury trial of criminal possession of a weapon in the third degree (Penal Law, § 265.02) and sentencing him to an indeterminate term of two to six years, held in abeyance and the matter remanded for a *Mapp* hearing and for the recording of those findings of fact the court found essential to its determination of the *Huntley* hearing. By omnibus motion prior to trial, defendant sought a *Mapp* hearing to suppress, as the result of an alleged illegal search and seizure, a gun taken from him by the police, and a *Huntley* hearing to suppress statements he claimed he made in consequence of the illegal search and seizure. Since the two requests sprang from the same ground, a factual showing sufficient to warrant one hearing should have ensured the other. Nonetheless, the motion Justice summarily denied the *Mapp* hearing and the gun suppression, but ordered the *Huntley* hearing. This was error, the allegations of the petition being sufficient to warrant both. At the conclusion of the *Huntley* hearing, the court did not make the findings of fact required by CPL 710.60 (subd 4). It stated: "Motion is denied. I'll record an opinion on this somewhere before the trial is out. But the motion is denied". It is possible that such an opinion was recorded but omitted from the transcript of the hearing through inadvertence, but, if this is true, neither the defendant nor the District Attorney knew about it at the time. Nor was either aware of the existence of such an opinion in time to include it in the record on appeal. A remand is necessary, therefore, to ensure the existence of findings and their proper inclusion in the record. Concur — Sullivan, J. P., Silverman, Fein, Lynch and Asch, JJ.