■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO HENDERSON, Appellant. — Appeal from a judgment of the County Court of Columbia County (Zittell, J.), rendered December 1, 1981, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree. In this prosecution for the sale of heroin, defendant contends that reversible error occurred because the trial court's *Sandoval* ruling was made during an unreported pretrial conference. Defendant's request for a *Sandoval* hearing was initially granted by the court which instructed defense counsel to arrange a suitable time for the hearing with the court clerk. Although no hearing was conducted, the court, in a discussion held off the record, indicated to both counsel that if a *Sandoval* hearing were to be held, it would limit the prosecutor's cross-examination to two previous petit larceny convictions but disallow testimony regarding other crimes committed by defendant. The absence of a record effectively impedes any review respecting the correctness of the *Sandoval* ruling. Without a record, we are unable to determine whether the court properly considered the various relevant factors it was obliged to examine in arriving at its decision (*People v Williams,* 56 NY2d 236; *People v Mackey,* 49 NY2d 274) or if, indeed, the court exercised any discretion whatsoever. Although defendant's trial counsel did not ask to have an official record made of the court's reasoning, the need for such a record is obvious, particularly here where defendant ostensibly declined to testify by reason of the *Sandoval* ruling and the only other witness to the sale was the buyer, an admitted heroin addict, who had agreed to make the purchase to win favorable treatment on unrelated charges pending against her. Contrary to defendant's assertion, however, his remedy is not a new trial, but remittitur for a *Sandoval* hearing (*People v Anderson,* 75 AD2d 988; 80 AD2d 33). Determination of appeal withheld, and matter remitted to the County Court of Columbia County for a hearing and determination of defendant's *Sandoval* motion. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINIC J. MUFALE, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered January 20, 1982, convicting defendant upon his plea of guilty of the crime of promoting gambling in the first degree. Judgment reversed, on the law and the facts, and indictment dismissed (see *People v Germano,* 91 AD2d 1137). Sweeney, J. P., Kane, Casey, Mikoll and Yesawich, Jr., JJ., concur.