## FOURTH DEPARTMENT, MARCH, 1984

### (March 6, 1984)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD L. BOSTICK, Appellant. — Judgment unanimously affirmed. Memorandum: The court properly denied defendant's motion to suppress the identification testimony. No hearing was required concerning the identification procedures at the preliminary hearing since the affidavit in support of the motion to suppress failed to set forth sworn allegations of fact indicating that the procedures were impermissibly suggestive (see *United States v Gaines,* 450 F2d 186, 195-196; *People v Alexander,* 88 AD2d 749). ¶ The court did not abuse its discretion in excluding evidence proffered by the defendant that the victims, long after the crime, failed to identify the defendant from a Xerographic copy of a photographic array. The copy of defendant's photograph was not properly authenticated, for there was no showing that it correctly portrayed a likeness of the defendant (see Richardson, Evidence [10th ed], § 137). On the contrary, one identification witness testified that the copy was too dark and indistinct for her to make out the face. (Appeal from judgment of Monroe County Court, Mark, J. — grand larceny, third degree.) Present — Dillon, P. J., Doerr, Boomer, O'Donnell and Schnepp, JJ.

■ GORDON D. WOODWARD et al., Respondents, v LAWRENCE PHILLIPS et al., Appellants, and WILLIAM BROUSE, as Treasurer of the County of Oswego, Respondent. — Judgment unanimously reversed, with costs to defendants Phillips and matter remitted to Supreme Court, Oswego County for proceedings in accordance with RPAPL article 15. Memorandum: In this action to compel the determination of a claim to a 24-acre wooded lot located in the Town of Volney, *pro se* defendants Helen and Lawrence Phillips appeal from a judgment which voided as contrary to public policy a deed to the premises from Oswego County to them on the ground that Lawrence Phillips was the town supervisor at the time of the transaction. The county previously acquired title to the premises for nonpayment of taxes. The record reflects that the ruling in plaintiffs' favor was based solely on colloquy in chambers among the court, the attorneys and the parties. In this action which is governed by the provisions regulating civil actions (RPAPL 1519), no motion for accelerated judgment was made (CPLR art 32), no sworn testimony was presented and no trial was conducted by the court. We find that the proceedings were irregular and that the judgment must be reversed. We do not rule on the applicability of subdivision (1) of section 801 of the General Municipal Law or the case of *Rose v Eichhorst* (42 NY2d 92) to the facts of this case. (Appeal from judgment of Supreme Court, Oswego County, John O'C. Conway, J. — RPAPL art 15.) Present — Dillon, P. J., Doerr, Boomer, O'Donnell and Schnepp, JJ.