■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEE ALBERT BARNHILL, Appellant. — Judgment unanimously affirmed. Memorandum: Defendant contends the identification was unduly suggestive and unreliable because he was singled out to repeat certain phrases and because the victim who made the identification was elderly and handicapped. We disagree. Since there was no factual support in the record for the contention that the identification procedure was suggestive, a suppression hearing was not required (see CPL 710.60, subd 3; *People v Allweiss,* 48 NY2d 40, 49; *People v Alexander,* 88 AD2d 749; cf. *People v Carrion,* 68 AD2d 827). Defendant was asked to repeat phrases only because he had inaudibly mumbled prior responses. Although the victim was legally blind, her hearing was adequate. Moreover, we note that defendant failed to allege any improper conduct on the part of the police during the voice identification process (see *People v Roberto H.,* 67 AD2d 549). We have considered defendant's other contentions and find them lacking in merit. (Appeal from judgment of Onondaga County Court, Cunningham, J. — sexual abuse, first degree, and other charges.) Present — Dillon, P. J., Hancock, Jr., Green, Moule and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM M. ALLEN, Appellant. — Judgment unanimously reversed, on the law and facts, defendant's motion to suppress granted, and indictment dismissed. Same memorandum as in *People v Spicer* (105 AD2d 1100). (Appeal from judgment of Supreme Court, Onondaga County, Gorman, J. — criminal possession of stolen property, second degree.) Present — Dillon, P. J., Hancock, Jr., Green, Moule and Schnepp, JJ.