■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM G. VITETTA, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Nastasi, J.), rendered March 19, 1982, convicting him of robbery in the third degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the summary denial (Marasco, J.), of that branch of the defendant's omnibus motion which sought to suppress identification evidence.

Appeal held in abeyance and matter remitted to the County Court, Westchester County, to hear and report on that branch of the defendant's omnibus motion which sought to suppress the identification evidence. The County Court shall conduct a hearing and file a report containing its findings and conclusions with respect thereto in this court with all convenient speed.

The defendant was indicted for the crimes of robbery in the third degree and grand larceny in the third degree as a result of a purse snatching in Rye on May 29, 1980. Prior to his first trial, the defendant moved, *inter alia,* for the following relief:

"4. (a) The date, time and place of all pre-trial identifications and the substance thereof.

"4. (b) That a hearing be had by this Court to determine whether or not the procedures followed by the City of Rye Police and/or the District Attorney to obtain witness identification as potential testimony, and witness identification of the defendant as the person who committed the crimes charged in the indictment, were had in accordance with the law and the constitutional rights of said defendant under the New York State and the United States Constitutions and suppressing such potential testimony and the testimony of such witness so identifying the defendant as be violative of said rights."

The papers submitted in support of the motion related that a showup identification procedure of the defendant had been conducted shortly after the crime, and that the complainant had testified at the felony hearing that she had been asked by an officer "Is that the person?," or "Is that the mugger?". The People opposed the motion by pointing out that they had fully complied with the requirements of CPL 710.30, and further, that the defendant had not alleged facts indicating that the showup had been unduly suggestive. The court, *inter alia,* summarily denied the defendant's motion for a hearing to determine the admissibility of the identification testimony, stating: "4a and b. NOTICE OF IDENTIFICATION Granted to the

extent heretofore supplied by the people." This constituted, in effect, a denial of the defendant's request for a hearing. The court made no findings of fact and conclusions of law and gave no reasons for its determination as required by CPL 710.60 (6). The complainant identified the defendant, without objection, at the first trial, which ended in a mistrial when the jury was unable to reach a verdict, and at the second trial, following which the defendant was convicted.

It was error to deny that branch of the defendant's omnibus pretrial motion which sought the suppression of the identification testimony without first conducting a hearing. The defendant's papers were sufficient under CPL 710.60 (1) to entitle him to a hearing on the issue, particularly where the People, in their papers, conceded that a showup identification procedure had been conducted. Under these circumstances, summary denial of that aspect of the defendant's motion was improper (CPL 710.60; *People v Williams,* 46 AD2d 727; *cf. People v Roberto H.,* 67 AD2d 549, 552) and a hearing on the admissibility of the identification testimony must be conducted *(see, People v De Vaughn,* 81 AD2d 924). Bracken, J. P., Brown, Lawrence and Kooper, JJ., concur.