◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE SHIPPENS, Appellant.—Case held, decision reserved and matter remitted to Supreme Court, Erie County, for a hearing, in accordance with the following memorandum: In our view, defendant's moving papers adequately complied with the dictates of CPL 710.60 (1). Where defendant's moving papers, though inartfully drafted, nevertheless sufficiently comply with the dictates of CPL 710.60 (1) to raise a tenable issue of fact to support the ground alleged, it is error for the court summarily to deny defendant's motion to suppress potential identification evidence *(People v De Vaughn,* 81 AD2d 924, *later appeal* 95 AD2d 838; *People v Carrion,* 68 AD2d 827; *People v Williams,* 46 AD2d 727). A hearing is required to establish whether the one-on-one showup conducted here was constitutionally infirm and also whether there was an independent source for the in-court identification *(see, People v Adams,* 53 NY2d 241; *People v Whisby,* 48 NY2d 834, 836; *People v Ballott,* 20 NY2d 600, 606).

The dissenters recite that the trial evidence confirms the conclusion that no improper police conduct occurred. It is, however, improper for an appellate court to make its own finding of an independent source based upon trial testimony *(see, People v James,* 67 NY2d 662, 664; *People v Dodt,* 61 NY2d 408, 417; *see also, People v Gonzalez,* 55 NY2d 720, 721-722, *cert denied* 456 US 1010). Therefore, it is necessary for the court to conduct an evidentiary hearing on defendant's motion which sought to suppress the potential identification evidence. The court shall file its report on completion of the hearing *(see, People v De Vaughn,* 81 AD2d 924, *supra).*

All concur, except Boomer and Pine, JJ., who dissent and vote to affirm, in the following memorandum.

Boomer and Pine, JJ. (dissenting). We are compelled to dissent because of the recurring failure of some attorneys engaged in motion practice to recognize and appreciate the difference between sworn statements of fact necessary to support the relief requested and conclusory allegations of fact or law which are without effect.

Here the court properly denied defendant's motion to suppress potential identification testimony without holding a hearing. On a motion to suppress evidence, the papers "must contain sworn allegations of fact" supporting the grounds of the motion and if the sworn allegations of fact are based upon information and belief, "the sources of such information and the grounds of such belief" must be stated (CPL 710.60 [1]).

Where the supporting affidavit fails to contain sworn allegations of fact or contains only conclusory allegations in support of the grounds of the motion *(People v Alexander,* 88 AD2d 749; *People v Reynolds,* 71 AD2d 1008; *People v Schultz,* 40 AD2d 690; *People v Hernandez,* 124 Misc 2d 840; *People v Childers,* 54 Misc 2d 752-753; *see also, People v Allweiss,* 48 NY2d 40, 49), or where the affidavit is based upon information and belief and the affidavit does not adequately allege the source of the information and grounds of the belief *(People v Alexander, supra),* the motion may be summarily denied.

The requirements of CPL 710.60, that the motion papers contain sworn allegations of fact as well as the sources of the information and grounds of the belief, restate fundamental and long-standing principles of case law governing motion practice. Basic to motion practice is the requirement that affidavits in support of the motion "should state evidentiary facts, and not conclusions of fact or conclusions of law. Where an affidavit is submitted to a court in support of an application for relief, it is for the court to draw the conclusions of fact from the evidence set forth in the affidavit." (1 Carmody-Wait 2d, NY Prac § 4:27, at 643.)

Here the affidavit sworn to by defendant's attorney lacks the required allegations of fact from which the conclusion could be drawn that the police engaged in any improper conduct rendering the identification procedure impermissibly suggestive. The only allegation in the affidavit tending to support the conclusion that the police engaged in improper or impermissibly suggestive acts is the statement that said "officers [Pendergast, Gartz, Grisanti and Clement] indicated either by jester *[sic]* or by words that the Defendant, George Shippens, was the individual who had committed the burglary earlier in the evening." This is not a proper statement of fact required to support a motion; it is clearly a conclusion. Defendant has failed to set forth the specific facts from which the court could draw the conclusion that the officers had indicated or suggested to the witness that defendant was the person who committed the burglary. This allegation fails to inform the court whether the indication or suggestion was made by words

or whether it was made by gesture. If by words, it fails to set forth the substance of the words, and if by gesture, it fails to describe the gesture. Thus, the court was in no position to conclude, assuming the truth of the matters alleged, that the words or the gesture were suggestive in that they did indicate to the witness that defendant was the one who committed the crime.

In addition, the affidavit fails to properly set forth the source of the information and grounds of the belief that the officers used suggestive words or a suggestive gesture. "Where a fact is stated on information and belief, the sources of the information and the grounds of the belief must be stated, so that the judicial officer to whom the affidavit is presented may judge whether the information and belief have a proper basis. If he is satisfied that they have, then the affidavit is sufficient to invoke his jurisdiction and to be submitted to his determination. On the other hand, if the source of information and grounds of belief are not stated, the allegations involved are without effect. It is not enough to state that the sources of information are statements, conversations, and letters, made by, had with, and received from third parties; the statements, conversations, and letters themselves must be given, in order that the court may determine whether they justify the conclusions drawn by the affiant." (1 Carmody-Wait 2d, NY Prac § 4:29, at 646-647.)

Here, at the beginning of his affidavit, defendant's attorney states, "That your deponent, in talking to the Defendant, his client, and also in talking to the District Attorney has garnered the following facts". He did not tell the court where he "garnered" the information that the police indicated by words or gesture that his client committed the crime. Even if the court were to assume that it must have been the client and not the District Attorney who supplied that information, the court was nevertheless not informed of the basis of the attorney's belief that the police indicated to the eyewitness that the client committed the crime. The affidavit fails to state the substance of the conversation with the client that led to the affiant's belief. Without the substance of the statements defendant made to his attorney, the court had no way to judge whether the allegations in the affidavit had a proper basis.

The fundamental requirements, that supporting affidavits contain sworn statements of fact by someone with knowledge of the facts rather than conclusory allegations or, if made on information and belief, that they properly state the source of the information and the grounds of the belief, are not techni-

cal requirements that the court should overlook or excuse because of "inartful drafting". Some time ago the Second Department commented: "It is apparent from this language [of CPL 710.60 (1), (3)] that the Legislature did not intend the motion to suppress to be a *pro forma* response to every criminal indictment * * * [T]he papers * * * frequently consist only of conclusory allegations of unlawful conduct by law enforcement authorities. Neither the interests of the defendants themselves nor the interests of justice and the judicial system are served by such unwarranted and inappropriate motion practice." *(People v Roberto H.,* 67 AD2d 549, 551.) The court placed the criminal defense Bar on notice that "the CPL does not require a hearing on a motion to suppress without regard to whether there is any basis for such motion, and without regard to the factual showing made in support of such motion. *Pro forma* applications such as that made in the instant case run a significant risk of summary denial." *(People v Roberto H., supra,* p 553.)

This case provides an example of a suppression motion made pro forma without regard to the factual basis for such motion. As part of an omnibus motion, defendant's attorney moved to suppress potential identification evidence. The court found the supporting papers to be inadequate, but permitted defendant to submit a supplemental affidavit. Aware of the requirement that the affidavit contain sworn statements of fact, defense counsel, in his supplemental affidavit, failed to furnish the court with a sworn statement of facts sufficient to permit it to conclude that there was any factual basis for the motion. If, indeed, his client saw the police officers make some specific gesture or heard them use certain words that were suggestive, defense counsel could easily have submitted the affidavit of his client stating specifically what the client saw or heard, or defense counsel could have, in his affidavit, restated what his client told him about the specific words or gesture used by the police. Since counsel did neither, but resorted to conclusory language in accusing the police of improper conduct, the court was justified in determining that the allegations of police misconduct lacked factual support. That determination is confirmed by the trial evidence, which clearly demonstrates that no improper police conduct occurred. Had defendant's papers been sufficient to entitle him to a suppression hearing, the error in denying a hearing could not be cured by consideration of the trial testimony *(see, People v James,* 67 NY2d 662, 664; *People v Dodt,* 61 NY2d 408, 417; *People v Gonzalez,* 55 NY2d 720, 721-722, *cert denied* 456 US

1010). Here, however, defendant's papers were insufficient and we are not precluded from noting that the trial testimony clearly demonstrates that defendant's counsel had no factual basis for his conclusory allegations.

We need not fear that enforcement of the rule, that the supporting papers in a suppression motion contain sworn allegations of fact, will prejudice the client because of the incompetence of his attorney. In many cases, as happened here, the suppression court may grant the defense attorney an opportunity to adequately state the supporting facts, if there are any. If the affidavit, due to incompetence of counsel, fails to set forth sufficient facts and the court denies the motion without a hearing, defendant has a remedy by way of a motion to set aside the verdict because of ineffective assistance of counsel. To succeed on such motion, however, defendant will have to show that a sufficient factual basis for the motion did exist. There is no such showing here. (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—burglary, second degree.) Present—Callahan, J. P., Doerr, Boomer, Pine and Schnepp, JJ