THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BANKS, Appellant. (Appeal No. 1.)
 Memorandum: We reject defendant's argument that alleged prosecutorial misconduct requires reversal even in the absence of a proper objection. The prosecutor's remarks on summation concerning the credibility of defendant and of the chief prosecution witness were made in response to the summation of defense counsel, in which he likened the prosecution witness to "somebody lying and spinning a spider's web, and after they lie they have to lie more, and the web gets more and more complex, and I believe that is what's happened with Leslie Bowen. And I was troubled, why would Leslie Bowen lie." Any prejudice to defendant in the prosecutor's attempt to offset this attack on Leslie Bowen's credibility "was of defendant's own making." *(People v Anthony,* 24 NY2d 696, 704; *see also, People v Torello,* 94 AD2d 857.) Improper summations must be assessed for their prejudicial effect *(People v Brosnan,* 32 NY2d 254, 262) and, in the context of this case, any alleged prosecutorial misconduct was not so egregious or prejudicial as to deprive defendant of a fair trial *(see, People v Johnson,* 47 NY2d 785, 787, *cert denied* 444 US 857).

The court's charge on reasonable doubt, taken as a whole, was correct and was not prejudicial to defendant.

Defendant has not shown that he was deprived of effective assistance of counsel. Defense counsel aggressively attacked the credibility of the prosecution witnesses and his failure to object to the prosecutor's comments concerning the credibility

of defendant can be attributed to trial strategy. Having told the jury that the prosecution witnesses had lied, he was in no position to object to the prosecutor's responsive comments.

We also reject defense counsel's argument that the verdict was not supported by sufficient evidence. Testimony was elicited from the police forensic chemist that the very high concentration of phosphatase found in the victim's vagina indicated that she had sexual intercourse within six or eight hours of the taking of the specimen. That testimony, together with the testimony of the nurse who saw defendant in bed with the victim and on top of her and the testimony of the victim that she did not have sexual intercourse at any time while she was in the hospital, provided sufficient proof that defendant had sexual intercourse with the victim, who was at the time physically helpless.

In support of his motion to set aside the verdict, defendant failed to provide any statement of facts to support his conclusory allegations that the prosecution withheld evidence favorable to him. Defendant did not state how he learned that the police chemist had prepared a serology report, which he claimed was withheld by the prosecution. In the absence of sworn statements of fact setting forth the sources of his information and the grounds of his belief, the court properly denied the motion (see, CPL 440.30 [4] [b], [d]; *People v Brown,* 56 NY2d 242, 246, *rearg denied* 57 NY2d 673; *People v Alexander,* 88 AD2d 749; *People v Shippens,* 123 AD2d 502 [dissenting mem]), particularly in view of the sworn statement by the chemist categorically denying that he prepared any such report and that any serology test was made. (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—rape, first degree.) Present—Denman, J. P., Boomer, Pine, Lawton and Schnepp, JJ.