■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT KNIGHTS, Appellant.— Main, J.

Prominent among defendant's several contentions on this appeal is his claim that County Court erred in summarily denying his motion for a suppression hearing wherein he asserted that his statements to State Police officers were involuntarily made. County Court, after a pretrial motion, held that the contents of defendant's papers were insufficient, as a matter of law, "to justify an exercise of discretion by the court to permit a suppression hearing over the objection of the District Attorney". We now rule that defendant's motion should have been granted.

CPL 710.60 (3) provides that a court may summarily deny a motion to suppress if:

"(a) The motion papers do not allege a ground constituting legal basis for the motion; or

"(b) The sworn allegations of fact do not as a matter of law support the ground alleged; except that this paragraph does not apply where the motion is based upon the ground specified in subdivision three of section 710.20."

Since the subject of defendant's motion is the claim that his statements to the police were involuntary *(see,* CPL 710.20 [3]), the exception set forth in CPL 710.60 (3) comes into play and the court cannot summarily deny the motion. Upon a motion pursuant to CPL 710.60 to suppress a statement claimed to have been involuntarily made to a law enforcement official, a hearing must be held whenever a defendant claims his statement was involuntary, no matter what facts he puts forth in support of that claim *(see, People v Weaver,* 49 NY2d 1012, 1013; *People v Richard MM.,* 75 AD2d 389).

The People, while conceding the error, contend that it was harmless. We are unable to so conclude. The error concerns defendant's constitutional rights and since it cannot be said that " 'there is no reasonable possibility that the error might have contributed to defendant's conviction' " *(People v Crampton,* 107 AD2d 998, 999, quoting *People v Crimmins,* 36 NY2d 230, 237), the error may not be deemed to be harmless *(see, People v Crimmins, supra).*

Accordingly, we withhold determination of the issues raised on this appeal and remit for the conducting of a suppression hearing which should be recorded so as to permit effective review (cf. People v Culver, 102 AD2d 924; People v Henderson, 95 AD2d 875).

Decision withheld, and matter remitted to the County Court of Columbia County for a hearing and determination of defendant's suppression motion. Mahoney, P. J., Main, Weiss, Mikoll and Harvey, JJ., concur.