■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD CASTRECHINO, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of coercion and unlawful imprisonment arising out of his abduction and rape of his former girlfriend, defendant contends that the court erroneously admitted evidence of defendant's prior violent acts against the same victim; that the court erred in permitting the prosecutor to ask a defense witness whether defendant had given money to the witness' husband; and that he was deprived of a fair trial by comments made by the prosecutor upon summation.

The proof of defendant's prior acts of violence against his former girlfriend were admissible to show his intent and motive in committing the charged crimes (see, People v Roides, 124 AD2d 967, lv denied 69 NY2d 886; People v Norman, 118 AD2d 597; cf., People v Washpun, 134 AD2d 858).

The court did not err in permitting the People to ask a defense witness if defendant had given her husband money on the morning of her testimony. A witness may be examined concerning any fact bearing on her credibility. The witness' awareness of defendant's payment to her husband was relevant to the issue of her interest or bias in the case. The prosecution's good faith for making that inquiry was demonstrated by its readiness to call a Deputy Sheriff who had witnessed the payment.

Finally, the prosecutor's remarks on summation were fair response to the comments of defense counsel and did not deprive defendant of a fair trial (see, People v Banks, 124 AD2d 1064, lv denied 69 NY2d 824, cert denied — US —, 108 S Ct 111; People v Street, 124 AD2d 841, lv denied 69 NY2d 834). (Appeal from judgment of Monroe County Court, Celli, J. —coercion, second degree, and unlawful imprisonment.) Present—Denman, J. P., Green, Balio, Lawton and Davis, JJ.