■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO SORIANO, Appellant.—Appeal from judgment of Supreme Court, New York County (Rothwax, J., at summary denial of motion to suppress physical evidence; Galligan, J., at trial and sentence), rendered December 17, 1985, convicting defendant of burglary in the second degree and possession of burglar's tools, and sentencing him to concurrent terms of imprisonment of from 3 to 6 years, and one year, respectively, held in abeyance, and the matter remanded to Supreme Court for a hearing on defendant's motion to suppress physical evidence.

The defendant was arrested and charged with burglary and possession of burglar's tools. After arraignment on the indictment charging him with those crimes, he moved, *inter alia,* to suppress physical evidence. In support of that motion, his attorney filed an affirmation alleging, upon information and belief (the source of which was identified as being a conversation with the defendant), that "defendant was merely a pedestrian in the vicinity of 545 Hudson Street, when a police officer, without probable cause, arrested him. Pursuant to this unlawful arrest, defendant was searched and the items listed in item # 14 of the Voluntary Disclosure Form [were] seized." The People responded with an affirmation by an Assistant District Attorney alleging that the property in question was seized from the vestibule of a building. They contended that defendant had no expectation of privacy in the vestibule and that, therefore, no hearing was necessary. Although no order denying appellant's motion appears in the record, the parties agree that the motion court summarily denied the appellant's motion, without hearing.

The People concede that the allegations contained in the defendant's motion "certainly alleged a violation of his expectation of privacy". *(People v Sutton,* 91 AD2d 522 [1st Dept 1982]; *People v Lee,* 130 AD2d 400 [1st Dept 1987].) They also concede that their papers in opposition to the motion "merely created a factual dispute that could be resolved only at a hearing".

Evidence which was elicited at the trial may not be consid-

ered by an appellate court in evaluating the propriety of the motion court's determination. The propriety of the denial must be judged solely on the evidence before the suppression court. *(People v Gonzalez,* 55 NY2d 720, 722 [1981].) Accordingly, the matter must be remanded to the Supreme Court for a hearing on the defendant's motion to suppress tangible evidence. Concur—Kupferman, J. P., Carro, Kassal and Rosenberger, JJ.