■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE SHIPPENS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant seeks a review of the determination of the court which, on remittitur, denied his motion to suppress the identification testimony of the victim. The record supports the court's determination. One-on-one showups which are proximate to the arrest in time and place are permissible in the interest of prompt identification, provided that they are conducted without undue suggestiveness by the police *(People v Love,* 57 NY2d 1023, 1024; *People v Adams,* 53 NY2d 241, 249; *People v Brnja,* 50 NY2d 366, 372; *People v Johnson,* 102 AD2d 616, 627; *cf., People v Riley,* 70 NY2d 523). The hearing court's finding that this showup was not suggestive is borne out by the record. In addition, the record establishes that the victim had an ample opportunity to view the defendant at the time of the crime and thus there was an independent source for his in-court identification *(see, People v Adams, supra,* at 251; *People v Whisby,* 48 NY2d 834; *People v Ballott,* 20 NY2d 600, 606). The court properly declined to expand the scope of the hearing to consider whether defendant was illegally seized by the police. Defen-

dant made no such claim either in his pretrial motion papers or at trial. Thus, he could not raise it for the first time at the hearing on remittitur *(see, People v Shippens,* 123 AD2d 502). (Resubmission of appeal from judgment of Supreme Court, Erie County, Marshall, J.—burglary, second degree.) Present—Callahan, J. P., Doerr, Denman, Green and Pine, JJ.