■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN PAVESI, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered October 6, 1986, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, without a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony.

Ordered that the judgment is affirmed.

We reject the defendant's contention that the Supreme Court, Kings County, erred in denying those branches of his omnibus motion which were to suppress identification testimony and physical evidence without conducting the *Mapp* and *Wade* hearings which he requested. The record reveals that the relevant portion of the omnibus motion dated March 1, 1986, and submitted on behalf of the defendant simply stated that "[d]efendant requests a *[sic] Wade, Mapp* and *Dunaway* hearings". In an affirmation in support of the omnibus motion, the defendant's attorney did not make any reference to the requested hearings, nor did he recite a legal basis therefor. However, in support of the defendant's request for a bill of particulars and other discovery, the defense counsel affirmed as follows: "upon information and belief property was recovered from [the defendant's] possession without his consent or any probable cause after he was stopped while a passenger in a car bearing livery plates, after having committed no violation of law, and that later he was exhibited to a civilian witness in a police arranged showup". In responding papers, the prosecution opposed the request for the hearings, explaining that the defendant's arrest came about when the complainant told police he had just been robbed at gunpoint, and pointed out the perpetrator in a nearby livery vehicle. The police then stopped the vehicle, asked the defendant to step out, and observed a revolver on the floor near the area where the defendant had been seated. The complainant then arrived and promptly identified the defendant, whereupon he was placed under arrest.

In an order dated May 12, 1986, the Supreme Court, Kings County, summarily denied those branches of the defendant's

motion which were to suppress identification testimony and physical evidence, observing that the minutes of the Grand Jury proceedings indicated that the identification was not police arranged and that the circumstances of the incident justified the police in stopping the livery vehicle and arresting the defendant. We affirm, but for reasons other than those set forth by the hearing court.

CPL 710.60 (1) sets forth the requirements for papers submitted on a motion to suppress as follows: "[t]he motion papers must state the ground or grounds of the motion and must contain sworn allegations of fact, whether of the defendant or of another person or persons, supporting such grounds. Such allegations may be based upon personal knowledge of the deponent or upon information and belief, provided that in the latter event the sources of such information and the grounds of such belief are stated". Moreover, CPL 710.60 (3) permits summary denial of the motion where the motion papers fail to allege a ground constituting a legal basis for the motion or where the sworn allegations of fact fail, as a matter of law, to support the ground alleged. While the latter requirement of sworn factual allegations no longer applies to motions to suppress identification evidence (see, CPL 710.60 [3]; 710.20 [6]), it was applicable at the time the instant defendant's motion was made and denied.

Pursuant to the foregoing provisions of CPL 710.60, it is clear that the defendant's motion papers were woefully inadequate and did not warrant a hearing. The affirmation of the defendant's counsel set forth no allegations in support of those branches of the motion which were to suppress identification testimony and physical evidence. Indeed, the only references to the propriety of the defendant's arrest and of his identification by the complainant were made in support of his request for a bill of particulars and for other pretrial discovery. Moreover, these allegations consisted entirely of counsel's legal conclusions and failed to set forth any facts whatsoever in support of the motion (see, e.g., People v Jordan, 122 AD2d 224, lv denied 68 NY2d 814; People v Roberto H., 67 AD2d 549). In the absence of any factual allegations based upon personal knowledge, or based upon information and belief and setting forth the basis for the information and belief, the summary denial of that branch of the defendant's motion which was for suppression was entirely appropriate, as no factual issues warranting a hearing were presented in the defendant's motion papers (see, e.g., People v Gomez, 67 NY2d 843; People v Washington, 106 AD2d 593; People v Bostick, 100

AD2d 721). However, we note that the Supreme Court acted improperly insofar as it resorted to the contents of the Grand Jury minutes as a basis for the summary denial (see generally, People v Werner, 55 AD2d 317).

Similarly unavailing is the defendant's claim that the sentence imposed is unduly harsh and excessive. The record demonstrated that the defendant entered his plea of guilty with a full understanding that he would receive the sentence which was thereafter actually imposed; hence, he has no basis to now challenge the sentence as excessive (see, People v Kazepis, 101 AD2d 816). Mangano, J. P., Brown, Sullivan and Harwood, JJ., concur.