The People of the State of New York, Plaintiff, v Orlando Brown, Defendant.

Supreme Court, Kings County, November 30, 1988

### APPEARANCES OF COUNSEL

*Jeffrey I. Richman* for defendant. *Elizabeth Holtzman, District Attorney (Thomas Merrill* of counsel), for plaintiff.

### OPINION OF THE COURT

Lewis L. Douglass, J.

In this motion for a suppression hearing, the defendant's attorney in his affidavit, filed in support of the motion, asserts that the defendant was a pedestrian on the street committing no crime and, therefore, the defendant's arrest was without probable cause.

The People respond by alleging that the defendant sold two vials of crack for $10 to an undercover officer.

The question raised by the moving papers, therefore, is whether the mere allegation in a defendant's moving papers that the defendant committed no crime and thus, there is no probable cause for the arrest, is sufficient to require a suppression hearing when the People respond that the arrest was made because the defendant sold drugs to an undercover who relayed that information to the arresting officer.

Analysis begins with the recognition that under our system, when People are charged with a crime, that issue should be resolved by a jury. Even though the day-to-day courtroom practice makes it appear that suppression hearings are routine preliminary proceedings to a criminal trial, the suppression of evidence is an extraordinary process since it means that the police conduct was so lawless that in order to minimize the risk of repetition of the conduct evidence of a crime will be kept from a jury, even if it means a criminal will go free. To accept the proposition that the mere assertion that the defendant was doing nothing wrong would effectively mean that every "not guilty" plea would require a pretrial suppression hearing.

The Second Department seems to have clearly resolved the issue when it said in *People v Roberto H.* (67 AD2d 549, 551 [1979]): "[T]he Legislature did not intend the motion to suppress to be a *pro forma* response to every criminal indictment." For that reason the Legislature provided in CPL 710.60 (1) that the "motion papers must state the * * * grounds of the motion and must contain sworn allegations of fact".

Conclusory allegations such as "the arrest was illegal, there is no 'probable cause' for the arrest" will not comply with the requirements of CPL 710.60. *(See, People v Covington,* 144 AD2d 238.)

Notwithstanding the foregoing principles, and the clear language in *People v Roberto H. (supra),* the defendant cites several cases which seem to suggest that the assertion that there was no probable cause for the arrest is sufficient to require a suppression hearing. *(See, People v Lee,* 130 AD2d 400 [1987]; *People v Paterson,* NYLJ, Apr. 30, 1987, at 13, col 1; *People v Dugar,* 88 AD2d 549; *People v Soriano,* 134 AD2d 186; *People v Sutton,* 91 AD2d 522; *People v Ramos,* NYLJ, May 28, 1987, at 7, cols 3, 4; *People v Martinez,* 111 AD2d 30 [1985].)

The apparent contradiction between these cases, and the general proposition that a suppression hearing is not to be a pro forma response to every indictment, is understood by recognizing that the suppression hearing is not held when a police officer sees a crime being committed, but rather, when a police officer sees actions which he claims caused him to believe that criminal activity was afoot, which warranted further investigation. Suppression decisions of appellate courts deal with whether a series of innocent acts (e.g., a bulge, stuffing things in a waistband, walking back and forth in front of a store) are sufficient to justify the stop. Where the officer sees the crime, i.e., a man walking down a street with a gun in his hand, as opposed to seeing a bulge, no hearing is granted. The jury decides the issue. In other words, suppression hearings are inquiries about whether the "predicate" for the stop was sufficient. When the stop was not based on a "predicate" but, rather, is based on the officer seeing a crime being committed, no hearing is warranted.

The arrest that follows the "buy and bust" is not based on the officer's observation of acts which he concludes are suspicious. The arrest following the "buy and bust" is made because the undercover saw the defendant commit a crime, i.e., he sold drugs to him.

The efficacy of formulating a rule, denying a hearing on the mere allegation that there was no "probable cause" where the arrest follows a "buy and bust", is best tested by determining whether such a rule would undermine the original purpose of the suppression procedure, i.e., discouraging the police from arbitrarily interfering with citizens who are doing nothing wrong.

The present "buy and bust" operations have been created in direct response to "search and seizure law". In the absence of "search and seizure" police could simply stop people in "drug-prone locations" and arrest those found with drugs. Because of the law with regard to search and seizure, the police recognize that such arrests would be pointless, since seized evidence would be suppressed and thus, police departments have developed the "buy and bust", a technique which minimizes the risk of arresting those who are doing nothing wrong, since only that person involved in the sale is arrested. The jury, of course, will decide whether the undercover is telling the truth. Nothing is perfect. The "buy and bust" technique, however, minimizes the risk of arbitrary police stops.

It can be argued that there is an issue of fact, about whether the officer is telling the truth when he says he bought the drugs from the defendant. In formulating rules, however, it is important to keep in mind that courts should deal with real issues, as opposed to those which are purely theoretical. It is difficult to see how the undercover's credibility would be tested in a suppression hearing when it is well established that the People need not call the undercover, but rather, can establish probable cause by the testimony of the arresting officer who asserts that he arrested the defendant because another police officer, the undercover, told him he just purchased drugs from the defendant. *(See, People v Lypka,* 36 NY2d 210; *People v Reddick,* 107 AD2d 721, *affd* 65 NY2d 835.)

It should be noted parenthetically that fairness is the paramount concern when any issue comes before a court. Thus, when the papers assert not merely the absence of "probable cause" but facts, which if proven, could support the conclusion that the police officer's action was arbitrary or lawless, a hearing should be held. Where, however, as is the case here, the defendant merely asserts no "probable cause" and the People respond that the arrest was made pursuant to a buy made by an undercover in the "buy and bust" operation, no hearing is warranted.