■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WARDELL JONES, Appellant.—Motion to dismiss appeal denied. Judgment unanimously reversed on the law and matter remitted to Supreme Court, Erie County, for further proceedings on the indictment. Memorandum: A conclusory assertion that statements were obtained from defendant in violation of his statutory and constitutional rights amounts to a claim that the statement was "involuntarily made" (CPL 60.45 [2] [b] [ii]), and the trial court erred in denying defendant's motion to suppress without conducting a *Huntley* hearing (CPL 710.20 [3]; 710.60 [3] [b]; *People v Weaver,* 49 NY2d 1012; *People v Knights,* 124 AD2d 935). (Appeal from judgment of Supreme Court, Erie County, Flynn, Jr., J.—attempted criminal possession of forged instrument, second degree.) Present—Callahan, J. P., Doerr, Denman, Lawton and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BEAKLEY MADLOCK, Appellant.—Case held, decision reserved and matter remitted to Supreme Court, Erie County, for a hearing, in accordance with the following memorandum: The trial court erred in summarily denying that portion of defendant's suppression motion that requested a hearing pursuant to *Dunaway v New York* (442 US 200). Though unartfully drafted, defendant's moving papers sufficiently complied with CPL 710.60 (1) by raising an issue of fact supporting his allegation that his showup identification should be suppressed because it was the result of his illegal arrest *(see, People v Shippens,* 123 AD2d 502; *People v Vitetta,* 118 AD2d 885, 886; *People v Williams,* 46 AD2d 727). The court is therefore directed to conduct a *Dunaway* hearing and report to this court upon completion of the hearing *(see, People v Shippens, supra; People v De Vaughn,* 81 AD2d 924).

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—robbery, second degree.) Present—Callahan, J. P., Doerr, Denman, Lawton and Davis, JJ.