■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE AYALA, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of three counts of robbery in the first degree (Penal Law § 160.15), criminal possession of a weapon in the second degree (Penal Law § 265.03), burglary in the second degree (Penal Law § 140.25 [1] [b]), sodomy in the first degree (Penal Law § 130.50 [1]), and assault in the second degree (Penal Law § 120.05 [2]). His principal claim is that evidence of a pretrial identification should have been suppressed and that, without such evidence, there is insufficient evidence to corroborate the testimony of an accomplice.

Defendant and three others, all of whom were armed and

wearing ski masks, broke into a closed supermarket. They were unable to open the safe and waited for the store's employees to arrive. During the robbery, one store employee was shot, another pistol-whipped, and a female employee was sodomized. A lineup was conducted during which defendant and the other participants wore ski masks. Each participant was asked to walk and to speak two sentences. They then left the room, reappeared in a different order and each again walked and spoke. The sodomy victim identified defendant as the robber who attacked her.

The defendant may be compelled to conform his appearance at a lineup to his appearance at the time of the crime *(see, People v Cwikla,* 46 NY2d 434, 443) and the subject lineup was not unduly suggestive because the participants were masked. The lineup participants were not grossly dissimilar to defendant in height or weight and each spoke with a Spanish accent. During the course of the robbery, the victim had an opportunity to observe the physical appearance and to hear the voice of her attacker. Defense counsel was present at the lineup, and there is no claim that the police suggested that any person was the perpetrator. We conclude, therefore, that the procedure employed at the pretrial lineup was not unduly suggestive and that the court did not err in denying the motion to suppress *(see, People v Collins,* 60 NY2d 214; *People v Barnhill,* 105 AD2d 1099). The identification testimony of the witness was properly admitted at trial and constituted sufficient corroborative evidence.

We have reviewed defendant's remaining claims and find them to lack merit. (Appeal from judgment of Erie County Court, McCarthy, J.—robbery, first degree, and other charges.) Present—Callahan, J. P., Denman, Green, Balio and Davis, JJ.