■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BASIL BROWN, Appellant.—Judgment, Supreme Court, New York County (Jay Gold, J., at *Wade* hearing; Myriam Altman, J., at jury trial and sentence), rendered August 7, 1989, convicting defendant of grand larceny in the fourth degree, and sentencing him as a predicate felon to an indeterminate prison term of from two to four years, unanimously affirmed.

The evidence was sufficient to sustain defendant's conviction of grand larceny in the fourth degree. While employing a ruse to obtain money from two unwitting tourists attempting to get a taxicab in front of Grand Central Terminal, defendant and an accomplice stole seventy dollars from the hand of one of the women. Since there was no reasonable view of the evidence that the woman voluntarily surrendered this money, the court properly declined to charge petit larceny as a lesser included offense (CPL 300.50 [1]).

Testimony at the *Wade* hearing revealed that both victims positively identified defendant after each individual in the lineup was requested to make the following statements: "Do you want a cab?" and "Do you have change for a fifty?" Defendant's arguments on appeal that this procedure violated his constitutional privilege against self-incrimination, and rendered the lineup unduly suggestive are unpreserved for appellate review (CPL 470.05 [2]). In any case, it is beyond dispute that a witness may be compelled to speak at a lineup in order to assist in the identification procedure *(see, People v Scarola,* 71 NY2d 769; *People v Ayala,* 151 AD2d 1028).

Defendant's contention that the court erroneously gave only a minimal charge on identification is belied by the record. Concur—Murphy, P. J., Sullivan, Asch, Kassal and Rubin, JJ.