THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LOUIS RAFKIND, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT ZIMMERMAN, Appellant.— Judgments of the County Court of Kings county, convicting defendants of robbery in the first degree, and orders denying motion to set aside the verdicts, reversed on the law and new trial granted. Appellants, together with their accomplices, Antonelli and Sacks, were indicted jointly for robbery. During the trial the accomplices pleaded guilty to a lesser crime and the trial was discontinued as to them. Neither the prosecution nor appellants called the accomplices as witnesses. The court by its charge and refusal to charge (at fols. 556 to 558; 585 to 586) told the jury, in effect, that by reason of appellants' failure to call their accomplices as witnesses on their behalf the jury must necessarily presume that the testimony of such accomplices, if called, would have been unfavorable to appellants. This was error. There is no unfavorable presumption which the jury as matter of law is required to draw from the mere failure of a party to call a witness not under his control and who is equally available to the other party. The inference which the jury may draw with respect to the weight or credit to be given to the evidence which has been adduced is primarily for them to determine under all the circumstances. (*Hayden* v. *New York Railways Co.*, 233 N. Y. 34, 36; *People* v. *Kehoe*, 253 App. Div. 762; *People* v. *Ferguson*, 245 id. 837; *Perlman* v. *Shanck*, 192 id. 179; *Kirkpatrick* v. *Allemannia Fire Ins. Co.*, 102 id. 327; affd., 184 N. Y. 546.) The trial judge also unduly injected himself into the trial. By his repeated comments and by his charge (at fols. 166, 169, 470, 492, 553–556, 567) he clearly indicated to the jury that appellants were guilty and had no defense and that they and their counsel were simply endeavoring to deceive and mislead the jury. Such conduct on the part of the trial judge was improper, and no matter how strong may be the evidence against the defendants a judgment of conviction should be reversed if the trial is not a fair one. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.