■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. PAUL LOREY, Respondent.— Appeal by the People from an order of the County Court, Dutchess County, dated November 12, 1971, which granted defendant's motion to dismiss the indictment. Order reversed, on the law, motion denied and indictment reinstated. We are of the view that the evidence before the Grand Jury was legally sufficient (see *People* v. *Peluso,* 29 N Y 2d 605; *People* v. *Barber,* 121 N. Y. S. 2d 170). Rabin, P. J., Hopkins, Martuscello, Latham and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN LEE PRICE, Appellant.— Appeal by defendant from an order of the Supreme Court, Kings County, dated December 14, 1970, which denied his motion for resentence, without a hearing. Appeal dismissed. This appeal was taken prior to the effective date of the Criminal Procedure Law. Consequently, CPL 450.15 (subd. 2), which provides that an order denying a motion by a defendant to set aside a sentence other than one of death is appealable by permission, is not applicable to this appeal (CPL 1.10, subd. 2, par. [b]). Under the law in effect prior to the effective date of the Criminal Procedure Law, no appeal lay from an order denying a motion for resentence (see *People* v. *Lauritsch,* 35 A D 2d 961). Accordingly, this appeal must be dismissed. We have, nevertheless, considered the merits, and, if the appeal were properly before us, we would affirm the order. Rabin, P. J., Hopkins, Martuscello, Latham and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ARTHUR C. SCHULTZ, Appellant.— In a *coram nobis* proceeding to vacate a judgment of the County Court, Kings County, rendered November 21, 1952, defendant appeals from an order of the Supreme Court, Kings County, dated April 22, 1971, which denied the application without a hearing. Order affirmed, without prejudice to a subsequent application by defendant, if he be so advised, on proper papers. In our opinion, defendant's conclusory allegations lack the requisite specificity and corroboration in the form of available affidavits and records to warrant the granting of a hearing (*People* v. *Cornish,* 21 A D 2d 280, 285). Rabin, P. J., Hopkins, Martuscello, Latham and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PRESTON WILLIAMS, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 18, 1971, convicting him of criminally selling a dangerous drug in the third degree and other crimes, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. Although there was strong evidence of defendant's guilt, nevertheless the Trial Judge's disparagement, a number of times during the trial and in the jury's presence, of the manner in which defendant's assigned counsel was conducting himself in the course of his defense and representation of defendant, and the Trial Judge's express and inferential disparagement of the defense asserted by defendant, in our opinion require a reversal of the judgment and a new trial (cf. *People* v. *Mendes,* 3 N Y 2d 120, 121; *People* v. *Adler,* 274 App. Div. 820; *People* v. *Rafkind,* 254 App. Div. 742; *People* v. *Kilroe,* 201 App. Div. 549, 556; *People* v. *Kenny,* 20 A D 2d 578, 579; *People* v. *Di Carlo,* 242 App. Div. 328). Rabin, P. J., Hopkins, Martuscello, Latham and Benjamin, JJ., concur.