■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT JOHNS, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered October 25, 1977, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. No issue has been raised as to the sufficiency of the evidence. Although defendant's contentions regarding deficiencies in the charge and an alleged variance between the charges in the indictment and the proof at trial are

without merit, we are constrained to reverse and order a new trial because defendant did not receive a fair and impartial trial. The Trial Judge unduly interjected himself into the proceedings, demonstrated an antagonistic attitude towards defendant's counsel and engaged in a disparagement of the manner in which counsel conducted himself in the course of his representation of defendant. Although defense counsel's questioning was tedious, repetitious, and, to a degree, provocative, there is no evidence that he acted in an intentionally antagonistic manner. In our opinion a reversal is required despite counsel's conduct (see *People v Setaro,* 44 AD2d 847). "The trial judge may be impatient with a defense, but he should not indicate such impatience by remarks made during the course of the trial or in the charge to the jury to the prejudice of a defendant" *(People v Carlsonakas,* 241 App Div 232, 235, affd 265 NY 565). "Unnecessary and excessive interference in the presentation of proof, as well as the intimidation or denigration of counsel, particularly in the jury's presence, are to be avoided" *(People v De Jesus,* 42 NY2d 519, 524). A reversal is required despite the strong evidence of guilt adduced at the trial (see *People v Sumpter,* 46 AD2d 779; *People v Williams,* 40 AD2d 690). O'Connor, J. P., Rabin, Gulotta and Shapiro, JJ., concur.