▮ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD

Ashby, Appellant.—Judgment, Supreme Court, Bronx County, rendered February 3, 1978, convicting him, after a jury trial, of robbery in the first degree and imposing sentence, reversed, on the law, and case remanded for a new trial. Defense counsel was previously held in contempt during the last case he tried before the court that presided over this proceeding. The court later withdrew that holding of contempt in that prior trial. Nonetheless, the antagonism between court and counsel again erupted at the *Wade* hearing in this case. During that hearing, defense counsel was once more held in contempt; the trial court again relieved him of that holding of contempt prior to trial. Recognizing the continuing tensions, the defense counsel made motions during and after the *Wade* hearing (i) for a mishearing, (ii) for the court to recuse itself, and (iii) to be relieved as defendant's attorney. All these motions were denied. Prior to trial, the defendant himself moved for permission to relieve appointed counsel so that he could secure the services of a retained counsel. This motion was denied on the ground it was made on the eve of trial. The defendant and his attorney correctly foresaw the difficulties that did arise during the course of this proceeding. The trial was marked by bitter exchanges between the court and defense counsel in front of the jury. On some occasions, the court was undoubtedly provoked by counsel's lack of decorum. However, in many instances, the court openly displayed its impatience and displeasure with the defense counsel for no valid reason. In this acrimonious setting, the defendant was deprived of a fair trial since the jury's attention may very well have been diverted from a fair consideration of the conflicting evidence presented on the issues of alibi and identification *(People v Sumpter,* 46 AD2d 779; *People v Setaro,* 44 AD2d 847; *People v Di Carlo,* 242 App Div 328). Furthermore, we cannot overlook the real possibility that the defense counsel was unduly cautious in defending this closely contested case for fear of invoking the displeasure of the trial court. Lastly, we note that the defendant's motion to substitute counsel was neither untimely nor dilatory. The trial court's refusal in these circumstances to permit the defendant to substitute retained counsel for appointed counsel deprived him of his constitutional right to be represented by counsel of his own choosing. *(People v Walker,* 29 AD2d 973.) Concur— Murphy, P. J., Kupferman, Sandler, Markewich and Yesawich, JJ.