■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NELSON MONTES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered February 6, 1986, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and determined to have been established.

The defendant stands convicted of having intentionally murdered his uncle by a stabbing which occurred during an argument. Despite the strong evidence of guilt adduced at the trial, we find that reversal is required because the defendant did not receive a fair trial.

During his summation, defense counsel argued that the victim's death was accidental and that his client should not have been tried, but that the case "should be disposed of some other way". When defense counsel continued in the same vein, stating "The District Attorney says sure, let's let him plead guilty to murder in the second degree", the prosecutor's objection was sustained and the court admonished defense counsel:

"THE COURT: Sustained, and now stop it Mr. Miller. The District Attorney has an obligation to the People of the State of New York to present the evidence that comes to him. He has no feeling one way or the other about a case. It is his obligation to present evidence and don't you comment on the District Attorney's warning *[sic]* convictions. The District Attorney wants the jury to determine the facts as he has found the facts to be and presented it to those jurors. Now, don't comment on the District Attorney's desires in this case.

"[A.D.A.] BJORNEBY: Judge, there's something else I'd like to bring to the Court's attention as well."

After an off-the-record discussion, the following colloquy ensued before the jury:

"THE COURT: And Mr. Miller [defense counsel], don't go lying to this jury. When you tell this jury that the only opportunity that the—

"MR. MILLER: I take exception to your Honor's remarks at this time.

"THE COURT: Because it's not true and I will not have a lawyer lie in my courtroom and you know it's not true.

"MR. MILLER: I apologize for any remarks.

"THE COURT: Don't apologize to me, apologize to the jury that you lied to.

"MR. MILLER: Does your Honor want me to continue on the explanation of the—

"THE COURT: I don't want you to do anything except sum up to this jury on the facts in this case. That's what your obligation is.

"MR. MILLER [again addressing the jury]: My client had other alternatives to plead guilty to manslaughter in the first degree. That also entails intent to seriously injure his own uncle. He did not wish to plead guilty to intent to kill nor intent to cause serious physical injury, my client is putting his case to you."

A court has a basic duty to "guard against 'the possibility that the stated opinion of the trial court or even the suggestion of an opinion might be seized upon by the jury and eventually prove decisive' " *(People v Bell*, 38 NY2d 116, 120). Furthermore, "the intimidation or denigration of counsel, particularly in the jury's presence, [is] to be avoided * * * [because] the demeaning of counsel, his dismissal as though unworthy of respect and attention [and] the casting of a pall of suspicion over his case", places upon the defendant the

onerous burden of refuting the prosecution case and "countering the implications imputed by the court" *(People v De Jesus, 42 NY2d 519, 524).*

Defense counsel improperly referred in summation to alleged plea bargaining which occurred prior to the trial. In addition, his statements were factually incorrect. While the defense counsel's conduct was highly improper, the trial court's intemperate condemnation of defense counsel as a liar was inappropriate inasmuch as the court failed to avail itself of the opportunity to admonish defense counsel at the bench conference which immediately preceded this incident. We conclude that the court's denigration of counsel at a critical point in the trial, coupled with statements from which it could reasonably be inferred that the court favored the Assistant District Attorney, severely compromised the defendant's right to a fair and impartial trial. Further, the court's brief curative instructions in its main charge to the jury were inadequate under the circumstances. Hence, reversal is mandated. Lawrence, J. P., Weinstein, Spatt and Balletta, JJ., concur.