■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY J. GRECO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Felig, J.), rendered February 10, 1988, convicting him of rape in the first degree and sexual abuse in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to support the jury's verdict finding the defendant guilty of the crimes charged beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [15]).

The complainant did not waiver in her testimony that the defendant forcibly raped and sexually abused her. The jury was free to credit her testimony, even though she was high on cocaine on the morning of the incident (see, People v Watson, 85 AD2d 920). In addition, the evidence showed that immediately after the incident the complainant was found naked

from the waist down. There was testimony that the defendant admitted to having undressed the complainant, but denied having intercourse with her. These issues of credibility were for determination by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garofolo, 44 AD2d 86, 88). We find no reason to disturb the verdict, which was not against the weight of the evidence.

The defendant's claim that the Trial Judge's intervention in the proceedings was excessive and denied him a fair trial is unpreserved for our review (see, People v Vargas, 150 AD2d 513; CPL 470.05 [2]). In any event, the Trial Judge acted within the proper scope of his function. His intervention served to facilitate the orderly and expeditious progress of the trial and was not frequent (see, People v Jamison, 47 NY2d 882). Furthermore, the Trial Judge's admonitions were directed to both the prosecution and defense counsel, and did not deny the defendant a fair and impartial trial (see, People v Jordan, 138 AD2d 407).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Eiber, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.