■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK HENDERSON, Appellant.—Judgment of the Supreme Court, New York County (Harold Rothwax, J.), rendered on February 24, 1988, convicting defendant, following a jury trial, of assault in the second degree and sentencing him, as a second felony offender, to an indeterminate term of imprisonment of from 3 to 6 years, is unanimously reversed on the law and the matter remanded for a new trial.

On November 19, 1986, at approximately 7:00 P.M., Aaron Harper emerged from a pizzeria on the northeast corner of Seventh Avenue and 124th Street in Manhattan. He had been at that location some three or four hours selling PCP. Accord-

ing to Harper, he encountered defendant outside, standing with his brother on the stoop of a nearby building. Defendant told him to leave the block. When Harper refused, defendant brandished a gun so the former began walking away. Defendant, his brother following, ran up behind Harper and challenged him to a "fair fight". A scuffle then ensued in the course of which defendant grabbed one of Harper's arms and slashed at his face with a previously concealed razor blade, causing a six-centimeter cut to the forehead, requiring hospital treatment. Defendant and his brother were subsequently indicted for assault in the second degree, and defendant was also charged with criminal possession of a weapon in the fourth degree arising from his possession of the gun with which he threatened Harper. On January 28, 1988, defendant and his brother proceeded to trial. Prior to submission of the case to the jury, the court dismissed the case against defendant's brother. Defendant himself was convicted of second degree assault and sentenced to an indeterminate term of imprisonment of from 3 to 6 years.

On appeal, defendant raises a number of issues. In that regard, the evidence that defendant cut Harper with a razor blade, resulting in a cut which necessitated stitches and left a visible 1½-inch scar on the latter's forehead, was sufficient to establish beyond a reasonable doubt that the complainant suffered a "physical injury" as defined in Penal Law § 10.00 (9). Moreover, the court correctly declined to charge the lesser included offense of third degree assault since there was no reasonable view of the evidence that the complainant's injury was not caused by a "dangerous instrument" (Penal Law § 10.00 [13]; *People v Glover,* 57 NY2d 61).

However, reversal of defendant's judgment of conviction is nonetheless warranted due to certain prejudicial comments made by the court to the jury. Prior to trial, the prosecutor sought a ruling concerning the admissibility of testimony that on the day of the incident in question, Harper had observed defendant and his brother selling drugs. The court refused to allow such evidence on the ground that motive was not at issue and that proof of defendant's purported drug involvement would be prejudicial. Thereafter, the District Attorney refrained in his direct examination of Harper from asking him about the supposed drug-dealing activities of defendant and his brother. Upon cross-examination, defense counsel inquired as to whether the witness had ever seen them sell drugs at the time and date of the assault. Harper replied, "we were all out there for a reason." The court then intervened,

"Did you see them sell any drugs on that date?" Harper declared that he had not. When defendant's lawyer attempted to pursue this matter further, the prosecutor objected, requesting a sidebar conference. At the bench conversation, the court remarked that in view of its previous decision prohibiting the People from such a questioning, defense counsel's conduct "borders on the unscrupulous". Defendant's lawyer responded, "Begging the Court's pardon, I don't understand the word unscrupulous. I understand the Court made a ruling on an application by [the prosecutor], it was not my application." The court, evidently angered, then made the following statement to the jury:

"Ladies and Gentlemen, this has been an extraordinary case for a number of reasons. I won't go into all of them, but I feel obliged in light of what has just happened in this courtroom, to bring certain things to your attention that I would not otherwise have done.

"Earlier this morning, after you were selected and before testimony began, [the prosecutor] indicated that Mr. Harper, if called to testify, would testify that he saw the Henderson brothers selling drugs during the period of time that he was on that particular block.

"I thought that that would be highly prejudicial and that therefore, this jury should not hear that evidence and that Mr. Harper should not indicate, if called upon to testify, that he saw them selling drugs, and that [the prosecutor] should not ask him about that.

"[Defense counsel] agreed with that ruling and objected to [the prosecutor's] desire to bring that out.

"I sustained [defense counsel's] objection and directed [the prosecutor] to advise Mr. Harper that if he were called, he should testify that he did not see the Henderson brothers selling drugs.

"[The prosecutor], in his direct testimony, did not elicit that testimony.

"Thereafter, [defense counsel], in your presence, has asked Mr. Harper, knowing that he was directed not to testify that way, whether or not he saw the Hendersons selling drugs.

"Please, Mr. Harper, you are no longer restrained. Did you on that day see the Hendersons selling drugs?"

Harper claimed that he had not. The court repeated, "You didn't see them selling drugs?" Again Harper responded in the negative. The court then stated, "Go ahead * * * extraordinary case, just unbelievable. Go ahead sir."

If the court had deemed it appropriate to chastise defendant's lawyer for violating its decision, it should have done so out of the presence of the jury as the court had other alternatives to launching into an attack upon defense counsel in front of the jury. The law is settled that a "court also must scrupulously avoid denigrating counsel and thereby undermining a party's right to his or her effective assistance" *(People v Moulton,* 43 NY2d 944, 946; *see also, People v De Jesus,* 42 NY2d 519; *People v Montes,* 141 AD2d 767). Most significantly, not only did the court's statements disparage defendant's lawyer but they served to highlight the specific information which it earlier had excluded as prejudicial and which the witness had specifically denied. Thus, the jury was advised by the court itself that defendant and his brother were engaged in selling drugs rather than by the District Attorney, defense counsel or one of the witnesses. Certainly, the court's pique at defense counsel, deserved or not, did not justify conveying prejudicial evidence to the jury. Under these circumstances, defendant was deprived of his right to a fair trial. Concur—Murphy, P. J., Milonas, Rosenberger and Asch, JJ.