■ The People of the State of New York, Respondent, v Tony Williams, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered February 22, 1990, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

The record reveals that during the trial of this single eyewitness case, the complainant repeatedly indicated that he did not see his assailants in the courtroom. When the prosecutor asked the witness whether he could see well enough from the stand, the complainant responded that he could. Nevertheless, over the objection of the defense counsel, the trial court *sua sponte* informed the complainant that he could leave the witness stand and walk anywhere in the courtroom in order to view anyone more closely. Upon doing so, the complainant again testified that he did not see his assailants. The trial court then instructed the witness that he was free "to walk over closer to anybody". The complainant did so and then positively identified the defendant and his codefendant as the men who had robbed him. Moreover, when the prosecutor questioned the complainant as to whether he was "absolutely sure" of the identification, the trial court asked the prosecutor whether "you want to get him to say no?" and directed him to "[q]uit while you are ahead".

We agree with the defendant's claim that the foregoing

constituted reversible error under the circumstances presented in this case. We are cognizant of the principle that a trial court, in the proper exercise of its supervisory role, may participate evenhandedly in the proceedings in order to clarify issues and facilitate the expeditious and orderly progress of a trial *(see, People v Jamison,* 47 NY2d 882; *People v Moulton,* 43 NY2d 944; *People v Greco,* 154 AD2d 391; *People v Robinson,* 137 AD2d 564). However, we conclude that the trial court in this case interjected itself excessively in the identification aspect of the proceedings and thereby "assumed the role of an advocate rather than an impartial referee" *(People v Cruz,* 100 AD2d 518; *see generally, People v De Jesus,* 42 NY2d 519; *People v Montes,* 141 AD2d 767). Moreover, the error cannot be deemed harmless, inasmuch as identification was the critical factor in the case and the complainant was the lone identification witness. Accordingly, a new trial is necessary.

Furthermore, while the trial court's identification charge as a whole was not so prejudicial to the defendant as to constitute error *(see, People v Deas,* 174 AD2d 751; *People v Crawford,* 158 AD2d 706), we note that it is preferable to avoid the use of a lengthy hypothetical example which stresses the capacity of one person to recognize another, particularly in those cases where identification is a closely contested issue.

In view of the foregoing, we have not considered the defendant's remaining contentions. Bracken, J. P., Sullivan, Rosenblatt and O'Brien, JJ., concur.