4 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO TORRES, Also Known as ALFREDO MALDONADO, Appellant.—Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered November 14, 1989, convicting the defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a predicate felon, to an indeterminate prison term of from 8 to 16 years, unanimously reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

The indigent defendant was assigned counsel pursuant to article 18-B of the County Law, in what should have been a routine trial of an alleged sale of two vials of crack for $10 arising out of a "buy and bust" police operation. Almost from the moment the case was moved for trial, counsel deliberately began to engage the Trial Judge in acrimonious argument, with the two trading insults, often in front of the jury; the result being that the trial was conducted in an emotionally charged, confrontational atmosphere, wherein the jury was very likely distracted from its basic mission of determining the guilt or innocence of the defendant. *(See, People v De Jesus,* 42 NY2d 519, 523.)

Some of the exchanges are set forth in *Matter of Giampa* (147 Misc 2d 397) and The New York Times (Sept. 14, 1990, section B, at 18). The article in The New York Times was entitled, with seeming prescience as to the issue now before this court: "When defense counsel and judge go to the mat, can justice end up as the victor?" The answer, in this case, is "no." We perceive no constructive purpose in repeating examples of defense counsel's disrespectful comments, and the Judge's understandable but unfortunately angry and sarcastic

responses thereto. Suffice it to say, there are dozens of them infecting the 850 page record in this case, and they are dismaying to this court.

We should make clear that the central issue presented herein is not whether the primary blame for what occurred at trial should be laid at the feet of counsel, who instigated most of the confrontations, or the Trial Judge, who unfortunately allowed himself to be provoked into making injudicious responses. Rather, our essential concern is whether the defendant received a fair trial, which "is to be accomplished in surroundings in which both the accused and the prosecution enjoy the unfettered attention of the jury, to the end that the resulting verdict will be the product solely of evidence adduced on the witness stand" *(People v De Jesus,* 42 NY2d, *supra,* at 523).

We conclude that this defendant was denied the fair trial which is a fundamental right of every accused. His assigned attorney refused to exercise peremptory challenges because of his perception that he was improperly prevented from conducting voir dire in the manner he wished. Counsel moved, before opening statements were made, to be relieved, which was denied. The defendant asked the Judge, before opening statements were made, for a new assigned counsel, which application was also denied. When the defendant told the Judge that he wished to have counsel relieved from the case, the only option given him was to represent himself, which offer he justifiably declined. Since the record does not support a conclusion that counsel was deliberately trying to inject error into the trial as a strategy, and that the defendant concurred in that strategy, the self-representation option offered to the defendant was unwarranted and unacceptable.

The motions to relieve counsel should have been granted, and new counsel assigned. The trial that resulted in defendant's conviction did not meet the minimum standards of fairness guaranteed to every accused under our system of justice *(see, People v Hsu,* 77 AD2d 516; *People v Ashby,* 72 AD2d 506). There must accordingly be a reversal, another counsel assigned to the defendant, and a new trial conducted before a different Judge. Concur—Sullivan, J. P., Carro, Kassal and Smith, JJ.