■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE MINAYA, Appellant. [775 NYS2d 367]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (West, J.), rendered September 4,

2002, convicting him of assault in the first degree, criminal possession of a weapon in the third degree, reckless endangerment in the first degree, and reckless driving, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant's conviction stemmed from an altercation on a New Rochelle street in the early morning hours of October 13, 2001. Pared to its essentials, the complainant, Luis Ceja, and a group of friends became embroiled in a melee with another group, including the defendant. Participants from both sides had been drinking, and some were armed with weapons such as belts, bats, and chains. According to his statement to police, when the defendant saw his friends being attacked, he entered his uncle's Volkswagen Jetta and drove toward his friends in an effort to provide them a means of escape. However, as he did so, one or more combatants jumped atop the Jetta, and began striking it; photographic evidence adduced at trial showed the hood and front windshield to have been badly dented and crushed, and the rear window was completely shattered and broken out. The defendant accelerated toward a wall and then applied the brakes, bringing the Jetta to a sudden stop; the photographs clearly show that the front of the Jetta was intact, it did not hit the wall. The complainant, however, was thrown from the car and he sustained serious physical injuries. The largely circumstantial evidence adduced by the prosecution sought to establish that the defendant struck the complainant deliberately, or acted with depraved indifference to the complainant's life.

The defendant was thus charged, inter alia, with first degree assault based on an intentional assault (Penal Law § 120.10 [1]) and depraved indifference (Penal Law § 120.10 [3]). At trial, the defendant asked for a justification charge, contending that he was justified in the use of the car to protect himself and/or his friends from the use of deadly physical force against them. The Supreme Court denied the request to charge. The defendant was acquitted of intentional assault, but was convicted of depraved indifference assault and lesser charges.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]). Nevertheless, the judgment must be reversed and a new trial ordered.

Pursuant to Penal Law § 35.10 (1), a person may use physical

force to the extent he or she reasonably believes to be necessary to defend himself or herself or a third person from what he or she reasonably believes to be the use or imminent use of unlawful physical force. It is well settled that a justification charge should be given when there is any reasonable view of the evidence to support it (*see People v Cox,* 92 NY2d 1002 [1998]). In this case, the Supreme Court denied the defendant's request for a justification charge concluding that the defendant could have driven away in complete safety without injuring the complainant. However, a reasonable view of the evidence supports the theory that the defendant initially sought to use the Jetta to rescue his outnumbered friends, and that he then was beset upon by one or more armed attackers who, while atop the Jetta, smashed the front windshield and completely destroyed the rear window. A reasonable view of the evidence thus supports the theory that the use of the Jetta was justified, that the defendant stopped short to escape the continued onslaught, and that the complainant was shed from the car as a result. Thus, the court erred in denying the defendant's request for a justification charge (*see People v Neal,* 254 AD2d 752 [1998]; *People v Scott,* 224 AD2d 926 [1996]). Santucci, J.P., Altman, S. Miller and Goldstein, JJ., concur.