*861 Judgment, Supreme Court, Bronx County (Robert A. Neary, J.), rendered May 13, 2009, convicting defendant, after a jury trial, of attempted robbery in the second degree, and sentencing him to a term of SVa years, unanimously reversed, on the law and as a matter of discretion in the interest of justice, and the matter remanded for a new trial before a different justice.
Defendant was convicted of an attempted gunpoint carjacking. There was a single eyewitness to that crime, Stephen Campbell, who owned the car, a Nissan SUy and managed to escape in his vehicle. There was a completed carjacking that same day involving a 1996 Acura. Four days later, defendant was arrested while seated in the front passenger side of the stolen Acura. The People did not charge defendant with stealing the Acura. He was accused only of possessing it. However, the jury acquitted defendant of all charges related to criminal possession of stolen property.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury’s determinations concerning identification and credibility, including its rejection of the alibi testimony. Any differences between the description provided by the victim and other evidence concerning defendant’s appearance are explainable. In particular, an examination of the photograph taken at defendant’s arrest, four days after the crime, does not reveal such a discrepancy as to facial hair between the photo and the description that would cast doubt on the reliability of the identification (see People v Garcia, 272 AD2d 189, 193 [2000], lv denied 95 NY2d 889 [2000]). We have considered and rejected defendant’s remaining arguments addressing the weight of the evidence, including his claim that the victim identified him at an unduly suggestive lineup.
However, we reverse because the trial court’s pervasive denigration of defendant’s counsel, in front of the jury, deprived defendant of a fair trial. Even assuming that defense counsel may at times have overstepped the bounds of zealous advocacy, the court’s injudicious remarks, in the presence of the jury, were not justified.
The primary duty of the trial judge is to ensure the defendant a fair and impartial trial (People v Moulton, 43 NY2d 944, 945 *862 [1978]). To avoid an appearance of bias, a trial judge “must scrupulously avoid denigrating counsel and thereby undermining a party’s right to his or her effective assistance” (id. at 946). Our “essential concern” must be that the court’s comments do not deny a defendant the “fair trial which is [the] fundamental right of every accused” (see People v Torres, 182 AD2d 461, 462 [1992]).
Prior to summation, the court made several unfortunate comments in front of the jury. For instance, when defense counsel continued to question Campbell about what he was doing when he was inspecting the tire just prior to the crime, the court interjected its own objection, stating: “Sustained. We’ve been over this. It’s irrelevant to begin [with]. To repeat it for a second time is silly. Let’s move on” (emphasis added). The comment that defense counsel’s line of questioning was “silly” disparaged defense counsel and effectively negated his line of questioning (see People v Reina, 94 AD2d 727, 728 [1983] [reversal of conviction where trial judge disparaged counsel’s arguments as surmise and speculation]).
The court’s inappropriate comments continued during the parties’ summations. In particular, after the court told defense counsel to stop arguing after the prosecutor objects, the court made the following remark while defense counsel was arguing that the jury should “ignore” testimony about the completed carjacking from the victim of that crime, Maria Torres:
“mr levine: I’m asking you to ignore that testimony because that testimony—
“[assistant district attorney]: Objection, your Honor.
“mr levine: —has nothing to do—
“the court: What happened? You get the admonition, and I understand—
“mr levine: I was on a roll.
“the court: I understand you’re enthusiastic.
“[assistant district attorney]: He’s instructing the jury what to do.
“the court: Enthusiastic may be lightly putting it, all right. There was an objection. Let’s continue on your roll. Abide by the rules of the courtroom.
“[assistant district attorney]: The part where I’m objecting to is the portion he instructs the members of the jury to— “mr levine: Objection to her speaking her objection, Judge. You’ve instructed us both not to do that.
“the court: You’re turning this into a comedy, and it’s not” (emphasis added).
*863 Most egregiously, however, when defense counsel objected during the People’s summation, the court did not merely overrule the objection, but stated: “Would you behave like a professional, please and not a clown.” (Emphasis added.)
In addition, the court made the following remarks after defense counsel requested the court to instruct the prosecutor “to not personalize this”:
“the court: After your summation? Are you kidding me? This is all fair comment after the way you summed up.
“[mr levine]: Judge, there was nothing wrong with my summation and again, I’m objecting to this being brought in front of the jury.
“the court: You may continue if you can.
“[mr levine]: Again, I’m asking for a mistrial. This is outrageous, Judge.
“the court: Denied. You’re outrageous” (emphasis added).
Lastly, during the prosecutor’s summation, the court improperly admonished defense counsel in the jury’s presence by asking him whether he wished to “behave like a gentleman” or “[be] escorted out.” When defense counsel objected “to any of this happening in front of the jury,” the court responded, “Your client[*] brought it on by his comments, his loud comments interrupting [the court’s] ability to follow the summations and . . . the jurors as well.”
We recognize that sometimes the behavior of counsel may warrant admonishment from the court. Under such circumstances, the court should call counsel to a sidebar, or excuse the jury prior to making any remarks (see People v Henderson, 169 AD2d 647, 650 [1991] [“(i)f the court had deemed it appropriate to chastise defendant’s lawyer for violating its decision, it should have done so out of the presence of the jury as the court had other alternatives to launching into an attack upon defense counsel in front of the jury”]). If the court finds that it has made an injudicious remark, it should issue curative instructions.
Here, the comments this court made, in front of the jury, and particularly the clear statement that counsel was behaving like a “clown” are simply inexcusable and require a new trial before a different judge.
Because there is to be a new trial, we find it appropriate to address some of defendants remaining points. First, the trial court properly admitted evidence of the second, completed *864 carjacking allegedly committed by a codefendant whose case the court had severed from that of defendant. Because defendant, at the time of his arrest, was in the stolen Acura, he was charged with criminal possession of stolen property.
The court permitted the People to establish that the codefendant stole the car at gunpoint, close in time and distance to the attempted carjacking with which defendant was charged. Defendant argues that it was unduly prejudicial to allow evidence that concerned the completed carjacking because he was not charged with that crime and the circumstances of the actual carjacking concerned only his codefendant who was tried separately.
Regardless of whether this evidence was relevant to prove knowledge, it was relevant to prove the vehicle was stolen and probative because it undermined defendant’s theory at trial that he had no idea the Acura was stolen when he was arrested. The circumstances of the actual robbery of the car also tended to explain to the jury the events leading to defendant’s arrest (see People v Garcia, 19 AD3d 215 [2005], lv denied 5 NY3d 789 [2005]; People v Goss, 281 AD2d 298 [2001], lv denied 96 NY2d 863 [2001]). Defendant was not prejudiced by the evidence because it did not refer to him, but rather to his codefendant (see Garcia at 216). Defendant argues that the jury could have inferred that he was the unidentified second perpetrator in the completed carjacking. However, the jury is presumed to have followed the court’s repeated and thorough limiting instructions, in which it specifically told the jury there was no evidence that defendant was involved in the completed carjacking.
We find defendant’s remaining contentions unavailing. Concur—Andrias, J.P, Saxe, McGuire, Moskowitz and Freedman, JJ.

 Apparently, defendant had been disruptive during the trial.