■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND ZAYAS, Appellant. [931 NYS2d 109]—

The defendant's convictions stem from an incident which occurred on July 24, 2007. The police responded to the defendant's residence in response to a report of a domestic dispute. Upon arriving, the police did not hear any sounds coming from the house. One of the officers recalled receiving a subsequent radio transmission confirming that there was a man with a knife and a child inside the defendant's house. When the officers attempted forcibly to enter the dwelling by kicking in a door and breaking a window, the defendant fired shots through the door, striking one of the officers. The defendant later emerged from the residence and surrendered to the police.

The defendant contends that the statements given by him to the police were involuntarily made in that they were obtained by the use of physical force. At a suppression hearing, several police officers who observed the defendant emerge from the house following the shooting testified that they did not observe the defendant struggle with the officers when he was taken into custody. In addition, the police officer who transported the defendant from the scene of the shooting to a police station and escorted him to an interview room in the police station testified that he did not observe any injuries or marks on the defendant. This officer was shown a series of photographs of the defendant, which were taken at a jail after the defendant had given his statements, and depicted certain marks and injuries. The officer testified that he did not see the injuries or marks depicted in the photographs prior to transferring custody of the defendant to the detectives who took the defendant's statements. There was also testimony that the defendant received medical treat-

ment following his interview with the detectives. The defendant's medical records, which were submitted to the hearing court, documented injuries sustained by the defendant, including skin abrasions, swelling, and a sprained wrist. Under the particular circumstances of this case, the People failed to establish the voluntariness of the defendant's statements beyond a reasonable doubt (*see People v Keller*, 185 AD2d 994 [1992]). Accordingly, the hearing court should have granted that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Further, the trial court erred in denying the defendant's request for a justification charge with respect to the counts of assault in the first degree, attempted assault in the first degree, and assault in the second degree. Penal Law § 35.20 (3) provides that "[a] person in possession or control of, or licensed or privileged to be in, a dwelling . . . who reasonably believes that another person is committing or attempting to commit a burglary of such dwelling . . . may use deadly physical force upon such other person when he or she reasonably believes such to be necessary to prevent or terminate the commission or attempted commission of such burglary." "A trial court must charge the jury with respect to the defense of justification whenever, viewing the record in the light most favorable to the defendant, there is any reasonable view of the evidence which would permit the jury to conclude that the defendant's conduct was justified" (*People v Fermin*, 36 AD3d 934, 935 [2007]; *see People v Minaya*, 6 AD3d 728, 730 [2004]). The failure to issue a justification charge under such circumstances constitutes reversible error (*see People v Maher*, 79 NY2d 978 [1992]; *People v Fermin*, 36 AD3d at 935). Here, there was a reasonable view of the evidence to support the defendant's request for a justification charge under Penal Law § 35.20 (3).

At trial, the three police officers who initially responded to the report of a domestic dispute testified that they had identified themselves as police officers before attempting forcibly to enter the defendant's house. However, the defendant's wife, who was on the street when the officers arrived, testified that the officers began to kick the side door within less than a minute of arriving, and that she did not hear anyone yell anything prior to the gunshots. A neighbor testified that, prior to hearing the gunshots, she did not hear any police officers shouting or announcing their arrival. Five other neighbors similarly testified that they did not hear any police officers shouting prior to the gunshots. Based on this testimony, the jury reasonably could have concluded that the police officers did not identify them-

selves prior to their attempt forcibly to enter the defendant's house, and that the defendant reasonably believed that a person was attempting to commit a burglary of his dwelling. In fact, during deliberations, the jury sent a note requesting "New York State's law regarding the use of deadly force if your house is being broken into," which the trial court declined to provide. Moreover, contrary to the trial court's determination, a justification charge was warranted based on the prosecution's case alone (*see People v Steele*, 26 NY2d 526, 528-529 [1970]). Accordingly, based on the foregoing, the trial court should have granted the defendant's request for a justification charge.

We also agree with the defendant that the trial judge improperly denigrated defense counsel, sometimes in the presence of the jury. The trial judge "demonstrated an antagonistic attitude towards defendant's counsel and engaged in a disparagement of the manner in which counsel conducted himself in the course of his representation of defendant" (*People v Johns*, 69 AD2d 843, 844 [1979]; *see People v De Jesus*, 42 NY2d 519, 523-524 [1977]; *People v Montes*, 141 AD2d 767, 768 [1988]; *cf. People v Gonzalez*, 38 NY2d 208, 210 [1975]). Moreover, the trial judge improperly interjected himself into the proceedings by interrupting defense counsel's cross-examination of a witness to clarify the witness's earlier testimony, and then reading to the jury from his personal notes concerning what the witness had said (*see People v Johns*, 69 AD2d at 843).

Although, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 643 [2006]), under the circumstances of this case, the defendant was deprived of his right to a fair trial and, thus, a new trial before a different judge is warranted on all counts under indictment No. 07-00720.

In light of our determination, we need not reach the defendant's remaining contentions. Skelos, J.P., Belen, Hall and Roman, JJ., concur.