■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MOCZO, Also Known as ROBERT MOZCO, Appellant.—Judgment, Supreme Court, New York County (Budd G. Goodman, J.), rendered August 22, 1989, convicting defendant, after a jury trial of criminal sale of a controlled substance in the third degree and sentencing him to a term of from 6 to 12 years, unanimously affirmed.

We reject defendant's claim of a *Batson* violation *(Batson v Kentucky,* 476 US 79), asserted on the ground that the prosecutor used two peremptory challenges to exclude two black venire persons but did not challenge a white juror with an allegedly similar employment background. *(See, United States v Alvarado,* 923 F2d 253.) While the black jurors were involved in creative employment (theatre and music), the seated white juror merely worked in an unspecified capacity in the television industry. Accordingly, we accord appropriate deference to the trial court's determination that the prosecution adequately articulated a non-pretextual, racially neutral reason for peremptorily challenging these two black jurors. *(People v Kern,* 75 NY2d 638.)

The suppression court properly ruled that the description of defendant by the undercover police officer who made the buy adequately described defendant. It is of minimal significance that defendant was described as "Hispanic" when, in fact, he may be black Hispanic. *(People v Polk,* 166 AD2d 177, *lv denied* 76 NY2d 1023.) This is especially true where defendant matched that part of the description that the suspect was wearing a green army jacket and blue hood, and that he was found within blocks of where the crime took place minutes before *(People v Hicks,* 68 NY2d 234). Concur—Sullivan, J. P., Carro, Wallach and Rubin, JJ.