■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDUARDO LUGO, Also Known as BENITO CRUZ, Appellant.— Judgment, Supreme Court, New York County (Bernard J. Fried, J., at suppression hearing, plea and sentence) rendered June 29, 1989, convicting defendant of attempted criminal possession of a weapon in the third degree, and sentencing him as a second violent felony offender to a term of imprisonment of from 2 to 4 years, unanimously affirmed.

The arresting officer's testimony at the suppression hearing, fully credited by the hearing court, that defendant was observed carrying a set of handcuffs as he approached the officer on a public street, justified a stop and inquiry *(People v De Bour,* 40 NY2d 210). Subsequent observation of a bullet pouch and a bulge resembling a holstered gun in the area of defendant's waist, gave rise to a reasonable suspicion of criminal activity justifying a frisk of defendant, and subsequent recovery of a loaded gun for which defendant could not produce a permit constituted probable cause for defendant's arrest *(People v De Bour, supra).* Thus, the hearing court properly denied suppression of the physical evidence recovered herein.

The sentencing court's adjudication of defendant as a second violent felony offender was appropriately based upon defendant's previous guilty plea to criminal possession of a weapon in the third degree. The minutes of the predicate plea proceedings, duly examined by the sentencing court, indicate clearly that defendant knowingly, intelligently and voluntarily entered that plea, admitting that he had unlawfully possessed and fired a loaded handgun at a location outside of his place

of business *(see, e.g., People v Harris,* 61 NY2d 9). Concur—Sullivan, J. P., Carro, Rosenberger and Rubin, JJ.