■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CONRAD DAILEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dufficy, J.), rendered February 6, 1991, convicting him of unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In this prosecution upon an indictment charging the defendant with assault in the second degree, unlawful imprisonment in the first degree, and resisting arrest, the prosecutor, in his opening statement, stated that when the police responded to the defendant's apartment, the complainant told them that the defendant had attempted to rape her. Contrary to the defendant's contention, this remark does not warrant reversal of his conviction since the court immediately instructed the jury that they should disregard any evidence of a crime not charged in the indictment. This instruction was sufficient to prevent the jury from drawing unwarranted inferences *(see, People v Gibbs,* 59 NY2d 930). Furthermore, while he objected to the prosecutor's remark, the defendant thereafter repeatedly made references to and elicited evidence of the complainant's statement. Counsel read into the record the felony complaint, which charged the defendant with attempted rape, and the defendant himself testified that he heard the complainant tell the officers that he tried to rape her. Having highlighted the complainant's statement throughout the trial, the defendant may not be heard to complain of prejudice caused by the prosecutor's isolated remark.

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Balletta, Rosenblatt and Eiber, JJ., concur.