■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE DANIELS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fertig, J.), rendered October 2, 1990, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence and oral statements.

Ordered that the judgment is affirmed.

At approximately 10:40 P.M. on August 22, 1989, Police Officer Ismael Roman and his partner, both of whom were in uniform, received a radio transmission of a man with a gun, described as a "male black with a white T-shirt and a hat on backwards on Gates between Marcy and Nostrand Avenues". The radio transmission indicated that the information had come from an anonymous telephone call. It took the two officers only two minutes to respond to that location where they observed the defendant, who fit the description, walking on Gates toward Marcy Avenue. There was no one on the street other than the defendant. Officer Roman approached the defendant and asked where he was going. As he was doing so, Officer Roman noticed a bulge on the right side of the defendant's waistband, whereupon he patted down that specific area, felt the outline of a firearm, and removed a loaded .32 caliber automatic handgun. The defendant was arrested and transported to the station house where he admitted the gun was his after he waived his *Miranda* rights.

The defendant contends that Officer Roman's testimony was incredible and unworthy of belief and that it had all the earmarks of having been tailored to meet constitutional objec-

tions. However, it is well settled that "[t]he determination of the suppression court, with its advantages of having seen and heard the witnesses, must be accorded great weight, and its determination should not be disturbed if it is supported by the record *(see, People v Prochilo,* 41 NY2d 759, 761; *People v McAvoy,* 142 AD2d 605)" *(People v Tromp,* 160 AD2d 750; *see also, People v Davis,* 166 AD2d 604; *People v Rose,* 159 AD2d 600; *People v Garafolo,* 44 AD2d 86). The record supports the hearing court's implicit determination that Officer Roman's testimony was credible *(see, e.g., People v Moczo,* 174 AD2d 365; *People v Boyd,* 156 AD2d 701; *People v Rodriguez,* 164 AD2d 824).

Moreover, under the circumstances, Officer Roman was entitled to approach the defendant for the purpose of exercising his common-law right to inquire *(see, People v Stewart,* 41 NY2d 65, 69; *People v Nicolas,* 171 AD2d 817). In addition, once he observed the bulge in the defendant's waistband, Officer Roman could properly pat down that spot *(see, People v De Bour,* 40 NY2d 210, 221; *People v Restrepo,* 173 AD2d 652; *People v King,* 165 AD2d 835). The recovery of the weapon, therefore, was proper and provided Officer Roman with probable cause to arrest the defendant *(see, People v Lugo,* 177 AD2d 427; *People v Davis,* 161 AD2d 602). Since the pat down and arrest of the defendant was proper, the hearing court properly refused to suppress the weapon. Further, the defendant's oral statements were not the product of an unlawful search and seizure. Mangano, P. J., Sullivan, Balletta and O'Brien, JJ., concur.