■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHEDEYA WALKER, Appellant. [598 NYS2d 495] —Judgment, Supreme Court, New York County (Murray Mogel, J., at suppression hearing; Rena K. Uviller, J., at jury trial), rendered June 27, 1991, convicting defendant of two counts of robbery in the second degree and sentencing him to concurrent terms of 2 to 6 years, unanimously affirmed.

At 7:10 P.M. on December 12, 1990, in the 14th Street subway station at Eighth Avenue, a young Hispanic man told David Simms, a token clerk, that a robbery was taking place at the 17th Street end of the station. Simms observed defendant, wearing a distinctive multi-colored jacket bearing the inscription "Triple Goose" on the back, and several other males huddling around something. He alerted two Transit Police Officers who found the robbery victim in shock and bleeding badly.

Up on the street, at Eighth Avenue and 17th Street, a woman told Police Officer John Burgess that a robbery was taking place down the stairs in the subway. Burgess immediately observed defendant and two other men "hurrying" out of the subway. Upon looking in the officer's direction, the men slowed down. Officer Burgess shouted "stop," but defendant kept walking, while his companions stopped. Officer Burgess followed the defendant at a rapid walking pace for two blocks, occasionally calling for defendant to stop, but defendant continued walking. When defendant pulled his jacket over his head, turned it inside out and put it on again with the black lining showing, Officer Burgess ran in front of the defendant and he stopped.

Officer Burgess asked defendant where he was coming from, and defendant replied that he was coming from Covenant House, which Burgess knew to be untrue. Officer Burgess noticed that defendant was clutching something in his hand and, fearing it might be some sort of weapon, asked defendant to open his hand. The object turned out to be a wad of money. In response to Officer Burgess' inquiry, defendant was unable to state how much money he was holding. Defendant agreed

to accompany the officer back to 17th Street and Eighth Avenue, and upon arriving there defendant was identified by a young Hispanic man as one of the robbers. Minutes later defendant was identified as one of the robbers by the token clerk, David Simms, who recognized defendant's distinctive jacket.

The court that ruled on defendant's motion to suppress properly admitted the physical evidence seized from the defendant and statements made by the defendant. The common law right of inquiry, activated by a founded suspicion that criminal activity was afoot, entitled Officer Burgess to pursue the defendant and to interfere with his freedom of movement to the extent necessary to gain explanatory information *(People v De Bour,* 40 NY2d 210). In the instant case, a witness' report of a mugging that occurred nearby provided Officer Burgess with such suspicion *(People v Bora,* 191 AD2d 384). The defendant's actions thereafter—refusing repeated orders to stop, reversing his jacket, giving a false explanation of where he had come from, and his inability to tell the officer how much money he was clutching in his hand—were unquestionably sufficient to support Officer Burgess' reasonable suspicion that defendant had committed a crime, which would have justified forcibly stopping and detaining the defendant and bringing him back to the scene of the robbery for further investigation *(supra; People v Martinez,* 80 NY2d 444, 447). In any event, defendant voluntarily consented to return to the subway station.

Contrary to defendant's contention, the court's circumstantial evidence charge was proper. Although the court chose not to employ either "moral certainty" language or the "exclusion concept," its instruction as a whole conveyed the substance of the appropriate standard for evaluating the evidence *(see, People v Howell,* 174 AD2d 356, *lv denied* 78 NY2d 1012; *People v Kurtish,* 165 AD2d 670, *lv denied* 76 NY2d 1022). Concur—Sullivan, J. P., Carro, Milonas, Kupferman and Ross, JJ.