■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACK STOKES, Appellant. [605 NYS2d 714] —Judgment unanimously affirmed. Memorandum: There is no merit to defendant's contention that his conviction for conspiracy and underlying narcotics-related crimes violated the constitutional protection against double jeopardy. Defendant had previously been convicted on similar charges *(see, People v Stokes* [No. 124], 198 AD2d 847 [decided herewith]), but the factual allegations underlying the respective indictments concerned separate and distinct transactions *(see, People v Vera,* 47 NY2d 825; *People v Abbamonte,* 43 NY2d 74). Moreover, under the circumstances, and particularly in light of the absence of a motion to consolidate the indictments, the court was under no obligation to consolidate (CPL 200.20 [2], [4], [5]).

Also without merit is defendant's contention that the jury was improperly charged on reasonable doubt. The court's

charge that a reasonable doubt is a doubt that can be articulated did not dilute the People's burden of proof *(see, People v Antommarchi,* 80 NY2d 247, 250-251, *rearg denied* 81 NY2d 759). Because no challenge for cause was made to a prospective juror who had expressed doubt regarding her ability to render an impartial verdict *(see, People v Matthews* 198 AD2d 849 [decided herewith]), defendant may not argue on appeal that the juror should have been dismissed for cause. Based upon the totality of counsel's representation, we conclude that defendant was accorded meaningful representation *(see, People v Baldi,* 54 NY2d 137).

We have examined defendant's remaining contentions and find them to be without merit. (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Conspiracy, 2nd degree.) Present—Denman, P. J., Green, Lawton, Fallon and Boehm, JJ.