■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL SMITH, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC WHITE, Appellant. [606 NYS2d 225] — Judgments, Supreme Court, New York County (Martin Rettinger, J.), rendered May 7, 1992, convicting defendants, after a jury trial, of robbery in the first and second degrees and burglary in the second degree and convicting defendant White of the additional crimes of criminal possession of a weapon in the second and third degrees, and sentencing defendant Smith, as a predicate violent felony offender, to concurrent terms of from 12 to 24 years for robbery in the first degree and two terms of from 7 to 14 years for robbery and burglary in the second degree, and sentencing defendant White to concurrent terms of from 7 to 14 years for robbery in the first degree, three terms of from 4 to 12 years for robbery, burglary and criminal possession of a weapon in the second degree, and 2 to 6 years for criminal possession of a weapon in the third degree, unanimously affirmed.

Viewing the evidence in the light most favorable to the People and giving them the benefit of every reasonable inference, defendants' guilt was established beyond a reasonable doubt. *(People v Contes,* 60 NY2d 620, 621.) In addition, the proof of defendants' guilt was overwhelming. Police, responding to a "911" call of a burglary in progress around midnight at a midtown Gap store, arrived to see defendants running from the store. They followed defendants and properly detained them based on their reasonable suspicion that defendants were involved in criminal activity *(People v De Bour,* 40 NY2d 210, 223). Moments after defendants were detained a

block from the store, a Gap employee was brought to that location for a showup identification. The showup occurred near the scene of the crime and shortly after it. The police asked the victim to "look at somebody to determine whether or not [they] were involved with what happened". The showup was not unduly suggestive *(People v Duuvon,* 77 NY2d 541, 544). The victim identified defendant White and recognized the clothing worn by defendant Smith.

We have considered defendants' remaining claims and find them to be without merit. Concur—Ellerin, J. P., Asch, Rubin and Nardelli, JJ.