■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY BRISBANE, Also Known as MICHAEL JOHNSON, Appellant. [610 NYS2d 223] —Judgment, Supreme Court, Bronx County (Joseph Mazur, J.), rendered October 30, 1991, convicting

defendant, after a jury trial, of murder in the second degree and sentencing him, as a second violent felony offender, to a term of 20 years to life, unanimously affirmed.

Viewing the evidence in a light most favorable to the prosecution and giving it the benefit of every reasonable inference (People v Malizia, 62 NY2d 755, cert denied 469 US 932), a rational jury could have found that defendant's firing of a gun from the front door of an apartment building into a city street at 8:00 in the evening constituted reckless conduct evincing wanton indifference to human life and creating a grave risk of death to another person (Penal Law § 125.25 [2]; People v Roe, 74 NY2d 20, 24).

There is no merit to defendant's contention that the trial court erroneously allowed the People to impeach their own witness (CPL 60.35). The prosecutor's attempts to refresh the witness's memory regarding events that he had recounted to the police and the grand jury was not improper since the prosecutor never disclosed the contents of those prior comments to the jury (People v Reed, 40 NY2d 204, 207; compare, People v Navarette, 131 AD2d 326, lv denied 70 NY2d 705). Nor does the record indicate that the prosecutor acted in bad faith; the witness was not called merely with the hope of evoking an inference of guilt by way of impeachment (compare, People v Russ, 79 NY2d 173). In any event, the jury is presumed to have followed the court's specific instruction not to rely on the prosecutor's questions rather than the evidence presented (see, People v Berg, 59 NY2d 294, 299-300). Concur—Rosenberger, J. P., Ellerin, Kupferman, Ross and Rubin, JJ.