■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT C. PAUL, Appellant. [623 NYS2d 50] —Judgment unanimously modified on the law and as modified affirmed and new trial granted on count nine of the indictment in accordance with the following Memorandum: County Court properly denied defendant's motion to suppress evidence and statements on the ground that the police lacked probable cause to arrest defendant. Responding to a complaint that a young woman had been robbed of a ring as she left a bar, police tracked a set of footprints in fresh snow to an apartment building. They entered the building and observed four black males on the landing, two of whom fit a general description given by the victim. The police, who were in full uniform, told the men to put their hands up. Three complied but the fourth, defendant, tried to flee, keeping his left hand inside his jacket pocket. The police forcibly detained defendant and, fearing for their safety, forced his hand from his pocket. In defendant's hand was the victim's ring and a baggie that contained approximately two grams of cocaine.

We conclude that, when the police entered the apartment building and observed persons who fit the general description given by the victim, they had a founded suspicion that criminal activity was afoot, allowing them to approach and make common-law inquiry (see, *People v Hollman,* 79 NY2d 181, 189-192). The actions of defendant in immediately running and keeping his hand inside his jacket pocket raised the level of suspicion, allowing the police to detain him forcibly (see, *People v Sierra,* 83 NY2d 928; *People v Leung,* 68 NY2d 734; *People v Walker,* 194 AD2d 368, 369, *lv denied* 82 NY2d 728; *People v Hill,* 127 AD2d 144, 148-149, *appeal dismissed* 70 NY2d 795). In fear for their safety, the police acted reasonably

in forcing defendant's hand from defendant's pocket *(see, People v Torres,* 74 NY2d 224). Once the police observed the ring and cocaine in defendant's hand, they had probable cause to arrest defendant. The evidence presented at the suppression hearing supports the court's further conclusion that defendant's statements were voluntary.

The prosecutor improperly forced defendant to characterize the People's witnesses as liars *(see, People v Jarells,* 190 AD2d 120, 126; *People v Butler,* 185 AD2d 141, 144) and made several improper comments during summation *(see, e.g., People v Payne,* 187 AD2d 245, 250). Reversal is not required, however, because we cannot conclude that the prosecutor's misconduct substantially prejudiced defendant. We again caution prosecutors to desist from employing tactics disapproved by this Court.

Although the Trial Judge displayed impatience with defense counsel, particularly with defense counsel's objections during the prosecutor's summation, his conduct was not so pervasive or prejudicial to have denied defendant a fair trial *(cf., People v Torres,* 182 AD2d 461). We are compelled to remind Trial Judges that defense counsel have a responsibility to protect the record and should not be denigrated for doing so.

The court's charge on reasonable doubt adequately conveyed to the jury the proper standard *(see, People v Stokes,* 198 AD2d 849, 849-850, *lv denied* 83 NY2d 810). Defendant was properly sentenced as a persistent violent felony offender without a hearing on his challenges to the validity of a predicate conviction. The plea hearing minutes from that conviction, which the court reviewed, demonstrated that the prior plea was entered knowingly, intelligently and voluntarily *(see, People v Lugo,* 177 AD2d 427, *lv denied* 79 NY2d 946; *People v Roberson,* 160 AD2d 200, *lv denied* 76 NY2d 795).

There was sufficient proof that defendant knew that he possessed over 500 milligrams of pure cocaine *(see, People v Ryan,* 82 NY2d 497, 506). Defendant was in possession of 2190 milligrams of cocaine, which was 84% pure. Moreover, defendant testified that he was addicted to cocaine and used the drug frequently. His testimony demonstrated that he had purchased "dime bags" of cocaine for his own use. From the evidence of defendant's considerable familiarity with cocaine, it could reasonably be inferred that defendant was aware of the "particular form in which the drug appear[ed]" *(People v Ryan, supra,* at 506).

Defendant's conviction of criminal possession of a controlled

substance in the fifth degree must be reversed, however, because the court erroneously instructed the jury that, to convict defendant, it must find that the aggregate weight of the cocaine exceeded 500 milligrams. Because the section under which defendant was charged is a pure weight statute (Penal Law § 220.06 [5]; *People v McLaurin,* 157 Misc 2d 783, 784, n 1), the court should have instructed the jury on the pure weight standard. Thus, we reverse defendant's conviction of criminal possession of a controlled substance in the fifth degree under count nine of the indictment, vacate the sentence imposed thereon and grant a new trial on that count.

Although the court erred in denying defendant's motion to strike the testimony of Officer Patnode concerning defendant's prior involvement in the criminal justice system, the error is harmless in light of the overwhelming proof of defendant's guilt. Finally, upon our review of the record, we conclude that the verdict is not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495). (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Robbery, 1st Degree.) Present—Lawton, J. P., Fallon, Wesley, Doerr and Boehm, JJ.