■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WINSTON HAMILTON, Appellant. [624 NYS2d 864] —Appeal by the defendant (1) from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered January 4, 1989, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court, dated September 27, 1993, which denied the defendant's motion pursuant to CPL 440.10 to vacate his judgment of conviction on the ground of newly discovered evidence.

Ordered that the judgment and order are affirmed.

The defendant's contention that the evidence adduced at trial was legally insufficient to establish that he was guilty of murder in the second degree *(see,* Penal Law § 125.25 [2]) is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the People we find that it was legally sufficient to establish the defendant's guilt of depraved indifference murder beyond a reasonable doubt *(see, e.g., People v Brisbane,* 203 AD2d 89). Moreover, while the defendant presented a viable alibi defense, issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]; *see, People v Bleakley,* 69 NY2d 490).

Contrary to the defendant's contentions, the court properly denied, without a hearing, the defendant's motion pursuant to CPL 440.10 to vacate his judgment of conviction based on newly discovered evidence, inasmuch as, among other things, he failed to submit adequate proof that the alleged newly discovered evidence could not have been produced by the defense at the trial with due diligence *(see,* CPL 440.10 [1] [g];

440.30 [1], [6]; *see, People v Salemi,* 309 NY 208, 216, *cert denied* 350 US 950; *People v Priori,* 164 NY 459, 472; *People v Gurley,* 197 AD2d 534, 535).

The defendant's remaining contentions, including that with respect to the propriety of the sentence imposed, are either unpreserved for appellate review or without merit. Bracken, J. P., Pizzuto, Altman and Krausman, JJ., concur.