■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER THOMPSON, Appellant. [627 NYS2d 395] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Friedmann, J.), rendered August 12, 1991, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant admitted to whirling around and firing one shot in the direction of a group of people following closely behind him, thereby killing a man. On appeal, he contends that the evidence presented by the People was legally insufficient to establish that he acted with depraved indifference to human life *(see,* Penal Law § 125.25 [2]). Initially, we find that the defendant's motion to dismiss at the close of the People's case was not sufficiently specific to preserve this issue for appellate review *(see,* CPL 470.05 [2]). In any event, viewing the evidence in a light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), a rational trier of fact could have found beyond a reasonable doubt that the defendant's actions constituted reckless conduct which was imminently dangerous and presented a grave risk of death to another person *(see,* Penal Law § 125.25 [2]; *People v Roe,* 74 NY2d 20, 24). In short, the jury could have properly concluded that the conduct of the defendant was so wanton as to amount to depraved indifference to human life *(see, e.g., People v Jernatowski,* 238 NY 188; *People v Brisbane,* 203 AD2d 89).

Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are without merit *(see, People v Johnson,* 66 NY2d 398, 403; *People v Greene,* 153 AD2d 439, 443-444, *lv denied* 76 NY2d 735, *cert denied* 498 US 947; *People v Suitte,* 90 AD2d 80). Miller, J. P., Pizzuto, Joy and Krausman, JJ., concur.