■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELLIOT LUGO, Appellant. [630 NYS2d 370] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Fisher, J.), rendered March 29, 1993, convicting him of robbery in the first degree (two counts) and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant contends that the trial court erred by allowing the jury to hear testimony that persons associated with his codefendant had threatened the prosecution's witnesses. We disagree. The record reveals that the trial court carefully instructed the jury that the evidence in question was only to be considered with respect to the codefendant. Because the jury is presumed to follow the court's instructions, any alleged prejudice to the defendant was alleviated *(see, People v Gibbs,* 59 NY2d 930, 932; *People v Berg,* 59 NY2d 294, 299-300; *People v Brisbane,* 203 AD2d 89, 90; *see also, People v Dailey,* 188 AD2d 485).

We find no merit to the defendant's contention that testimony about the lineup identification should have been suppressed because of police misconduct in conducting the lineup.

It is well settled that the determination of the suppression court, with its advantages of having seen and heard the witnesses, must be accorded great weight on appeal and should not be disturbed if it is supported by the record *(see, People v Prochilo,* 41 NY2d 759, 761; *People v Daniels,* 190 AD2d 858, 859).* The record reveals that the defendant chose what number to wear and where to sit at the lineup, that the detective who conducted the lineup did not tell the witness that the robber or robbers would be in the array, and that the witness did not see the defendant before the lineup. Thus, the witness's identification of the defendant at the lineup was not tainted by any misconduct on the part of the police.

Furthermore, the hearing court properly determined that the lineup itself was not so impermissibly suggestive that it created a substantial likelihood of irreparable misidentification *(see, People v Chipp,* 75 NY2d 327, 335, *cert denied* 498 US 833; *People v McClarin,* 157 AD2d 747). Nothing about the lineup suggested that the witness should choose the defendant *(see, People v Smith,* 208 AD2d 966; *People v Christenson,* 188 AD2d 659, 660; *People v Ahmed,* 173 AD2d 546; *People v Henderson,* 170 AD2d 532, 533).

The defendant's sentence is not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit. Rosenblatt, J. P., Copertino, Hart and Friedmann, JJ., concur.