■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM TUCKER, Appellant. [636 NYS2d 759] —Judgment, Supreme Court, New York County (Juanita Bing Newton, J.), rendered November 15, 1994, convicting defendant, upon his plea of guilty, of attempted rape in the first degree, burglary in the second degree, sexual abuse in the first degree and robbery in the third degree, and sentencing him to concurrent terms of 3 to 9 years on the attempted rape and burglary convictions and 2 to 6 years on the sexual abuse and robbery convictions, unanimously affirmed. The matter is remitted to Supreme Court, New York County for further proceedings pursuant to CPL 460.50 (5).

At 3:30 A.M. on February 12, 1993, moments after receiving a radio report of a robbery at a named address and a black male running from the scene, police officers saw defendant, a black male, running away from the reported location, whereupon he entered a parked car and reached beneath the driver's seat as the police approached. Defendant was the only person in the vicinity at that time. Defendant was ordered out of his car and frisked. Minutes later, the victim identified defendant as her assailant, approximately one block from the crime scene. Since the police clearly had reasonable suspicion that defendant had committed a crime, the forcible stop and detention were proper (*People v Smith*, 200 AD2d 428, *lv denied* 83 NY2d 915). That defendant was briefly handcuffed while awaiting the victim's arrival did not elevate the detention to an arrest under the circumstances (*People v Allen*, 73 NY2d 378, 380). The

showup identification was proper in view of its proximity in time and location to the crime scene (*see, People v Duuvon*, 77 NY2d 541, 544). Accordingly, the court correctly denied defendant's motion to suppress physical and identification evidence. Concur—Ellerin, J. P., Rubin, Nardelli, Tom and Mazzarelli, JJ.