■ RUTH MALKIN, Respondent, v 143-50 HOOVER OWNERS CORP., Appellant. [642 NYS2d 294] —Order, Supreme Court, Queens County (Patricia Satterfield, J.), entered March 13, 1995, which, insofar as appealed from, denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In an action for personal injuries allegedly sustained by plaintiff in a fall in the hallway outside her apartment, plaintiff's affidavits were sufficient to raise issues of fact precluding summary judgment, namely, the condition of the floor, who created such condition and if defendant had sufficient prior notice thereof. We have considered defendant's other arguments and find them to be without merit. Concur— Milonas, J. P., Ellerin, Wallach, Rubin and Mazzarelli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GORDY RICHARDSON, Appellant. [642 NYS2d 296] —Judgment, Supreme Court, New York County (Alvin Schlesinger, J.), rendered January 20, 1994, convicting defendant, after a jury trial, of grand larceny in the fourth degree and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

Defendant's motion to suppress was properly denied. As two police officers entered a Port Authority Trans-Hudson Corporation (PATH) train station in response to a series of radio messages concerning a robbery in progress, they received a message that the perpetrators, a male and "possible female", were still going through the pockets of the victim, who was on a bench. Immediately thereafter, the officers saw defendant and a woman in close proximity to a man sleeping on a bench, and, as the officers approached, defendant and the woman moved away from the bench. We agree with the hearing court that the police had reasonable suspicion to detain the suspects, where they and the sleeping man were the only persons on the train platform (see, People v Tucker, 223 AD2d 424). A PATH system employee who had been watching the crime on television promptly identified the suspects, providing probable cause for arrest. Concur—Sullivan, J. P., Milonas, Ellerin, Williams and Mazzarelli, JJ.