■ The People of the State of New York, Respondent, v Jorge Hernandez, Appellant. [647 NYS2d 761] —Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered May 6, 1994, convicting defendant, after a jury trial, of burglary in the second degree and criminal possession of stolen property in the fifth degree, and sentencing him, as a second felony offender, to concurrent prison terms of 6 to 12 years and 1 year, respectively, unanimously affirmed.

Defendant's motion to suppress was properly denied. The police received a radio report of a burglary in progress involving two Hispanic men on the fifth floor of a building, with the information provided by someone who left a callback number where he could be reached, making it more reliable than an anonymous tip (*cf., People v Castro*, 115 AD2d 433, 435, *affd* 68 NY2d 850). When the officers arrived at the building within a minute of receiving the report and saw defendant and the co-

defendant, who fit the descriptions, walking rapidly down the inside stairway toward the front door of the building, and there were no other people in the hallway at the time, they were justified in temporarily detaining the two men for questioning (*People v Tucker*, 223 AD2d 425; *People v Smith*, 200 AD2d 428, *lv denied* 83 NY2d 915). The officers' conduct up to this point did not constitute a seizure (*People v Bora*, 83 NY2d 531). The level of suspicion was heightened when the officers learned from the superintendent that the two men did not live in the building as they had represented, and when they then failed to provide the officers with a credible explanation for their presence there (*People v Walker*, 194 AD2d 368, 369, *lv denied* 82 NY2d 728), which justified the officers taking them up to the fifth floor (*supra*, at 369, citing *People v Martinez*, 80 NY2d 444, 447). There, probable cause was established when the informant who had made the call to 911 identified defendant and codefendant as the burglars. The walkman was properly recovered from defendant in a search incident to the arrest. Concur—Murphy, P. J., Wallach, Kupferman, Williams and Mazzarelli, JJ.