■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DORIAN DAUGHTRY, Respondent. [689 NYS2d 152] —Appeal by the People, as limited by their brief, from so much of (1) an order of the Supreme Court, Kings County (Lewis, J.), dated September 23, 1998, as granted the defendant's motion pursuant to CPL 440.20 to set aside consecutive sentences imposed by the same court on July 8, 1991, and to direct that the sentences run concurrently, and (2) an amended order of the same court, dated October 8, 1998, as granted the same relief.

Ordered that the appeal from the order dated September 23, 1998, is dismissed, as that order was superseded by the amended order dated October 8, 1998; and it is further,

Ordered that the amended order is reversed insofar as appealed from, on the law, the defendant's motion pursuant to CPL 440.20 is denied, the consecutive sentences imposed on July 8, 1991, are reinstated, and the order dated September 23, 1998, is modified accordingly.

Contrary to the contention of the defendant and the determination of the Supreme Court, an evaluation of the trial court's entire charge, including the supplementary marshaling and corrective instructions, demonstrates that the jurors were unequivocally advised that the counts of the indictment charging the defendant with manslaughter in the first degree and reckless endangerment in the first degree were based solely upon separate and distinct acts. Accordingly, since the jury is presumed to have followed the court's instructions (*see, People v Berg,* 59 NY2d 294; *People v Lugo,* 218 AD2d 711), there was no possibility that the defendant's convictions of these crimes were based on his commission of a single act (*see generally,* Penal Law § 70.25 [2]), and the imposition of consecutive sentences was therefore authorized (*see, People v Brown,* 80 NY2d 361; *People v Brathwaite,* 63 NY2d 839; *People v Williams,* 245 AD2d 400). S. Miller, J. P., Sullivan, Joy and Altman, JJ., concur.