■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIPE SERRANO, Appellant. [742 NYS2d 543] —Judgment, Supreme Court, New York County (Bonnie Wittner, J., at hearing; Micki Scherer, J., at jury trial and sentence), rendered August 5, 1999, convicting defendant of attempted murder in the second degree, assault in the first degree (two counts), criminal possession of a weapon in the second and third degrees and reckless endangerment in the first degree, and sentencing him, as a second felony offender, to an aggregate term of 23 years, unanimously affirmed.

Defendant's suppression motion was properly denied. Although defendant raised an objection at the suppression hearing regarding the People's failure to produce the police officer who made the radio transmissions at issue, defendant abandoned this issue after the court deferred resolution of it, and later made it clear that he was actually advancing a completely different theory of suppression from the theory raised on appeal (*see, People v Graves*, 85 NY2d 1024, 1027; *People v Cobos*, 57 NY2d 798, 802). Although preservation does not normally require the reiteration of an argument already made (*People v Rosen*, 81 NY2d 237, 245), under these circumstances, defen-

dant did not preserve his claim that the People failed to establish the sending officer's basis of knowledge, and we decline to review it in the interest of justice. Were we to review defendant's claim, we would find that the receiving officers had reasonable suspicion, based on a fellow-officer's radio message, that an occupant of the vehicle in question was involved in a shooting (*see, People v Landy*, 59 NY2d 369), and that the officers were justified in stopping the vehicle and briefly detaining defendant until a witness could be brought to the location to ascertain whether he would be able to identify defendant (*see, People v Richardson*, 227 AD2d 237, *lv denied* 88 NY2d 993). Concur—Buckley, J.P., Rosenberger, Lerner, Rubin and Marlow, JJ.